Walrus Manufacturing Company, Appellee, v. Marjorie S. Wilcox, Trading as Wayside Inn, Appellant.

Gen. No. 9,210.

Heard in this court at the October term, 1939. Opinion filed January 15, 1940.

C. C. Martin and F. R. Wiley, both of Decatur, for appellant.

Robert N. Patterson, of Decatur, for appellee.

Mr. Justice Fulton delivered the opinion of the court.

This is an appeal from an order of the circuit court of Macon county, Illinois, denying appellants motion to open up a judgment entered by confession and for leave to plead. Judgment was taken on the 18th day of May, A. D. 1939. On April 16, 1938, the appellant delivered her judgment note to the appellee corporation in the sum of $2,250, payable $1,125 on July 12, 1938, and $1,- 125 on August 12, 1938, without interest until after the maturity of each instalment. On July 20, 1938, the appellant paid the appellee the sum of $1,125, which was applied by appellee upon the note held by appellee. On August 23, 1938, appellant paid to appellee the further sum of $1,125. Both payments were made by check and both checks were cashed by the appellee.

Appellee did not send the note to appellant but on September 16, 1938, entered judgment by confession on the note for the sum of $345.72, plus $51.78 attorney's fees, or a total of $397.50, and at once had execution issued on the judgment. The next day the appellant filed her motion to open up the judgment, supported by her affidavit. On October 6, 1938, the appellee filed its motion asking that the court deny appellant's motion and supported it by affidavit. On October 10, 1938, appellant, after obtaining leave of court, filed her amended motion and affidavit. On the same day the appellee filed its motion asking that the court deny the amended motion of the appellant. In support of this motion the appellee filed three counter-affidavits. Upon a hearing, the court denied the motion of the appellant to open up the judgment.

The appellant's amended affidavit sets forth that she paid the sum of $2,250 to the appellee on July 19 and August 23, 1938 in full of the amount due on the note and the appellee accepted such payments; that when she took the second check for $1,125 on August 23rd to the office of the appellee, and there presented it to R. I. Gray, the appellee's manager, she expressly told him to apply the check on the note; that he so accepted the check and promised her that he would return the note the following day by mail. The affidavit further stated that she subsequently learned that the appellee claimed to have applied part of the proceeds of the check in payment of what appellee claimed was due it on an open account; that at the time she delivered the check to the appellee, she did not owe it anything on an open account; that there was a dispute about an open account which the appellee wrongfully claimed she owed it. The appellant further stated in the affidavit that she knew the above facts of her own personal knowledge and that she was a competent witness to testify to them.

The three counter-affidavits filed by the appellee all went to the merits of the controversy. One affidavit was made by R. I. Gray, vice-president and manager of the appellee corporation, one by Louise Wright, its bookkeeper, and one by R. C. Zeiss, its treasurer. The affidavit of Gray stated that on August 23, 1938, the appellant was indebted to appellee, on an open account in the sum of $341.28 and that on the same date she was indebted to appellee in the further sum of $1,125 for the balance due upon the promissory note dated April 18, 1938; that on August 23rd the appellant at the solicitation and request of appellee called at its office and personally handed to the affiant Gray a check for the sum of $1,125; that at the time the check was delivered he stated to appellee that the check was insufficient to cover her indebtedness to appellee, and that on the advice of their attorney they would not accept the same to

apply upon the promissory note held by the appellee until the open account owed by the appellant had been fully paid; that the open account had been incurred during the months of April, May, June and July, 1938, and was long since past due; that at no time during the conversation did the appellant direct the affiant to apply such check toward the payment of her said promissory note held by the appellee; that the affiant accepted said check from appellant on August 23rd and credited the sum of $341.28 therefrom in payment of the open account and the balance of $783.72 was applied upon the note; that at no time during such conversation did the appellant ask for or demand the return to her of the promissory note held by appellee and sued upon in this cause.

The other two affidavits by employees of appellee stated that they were present during the conversation between Gray and the appellant; that they heard Gray tell appellant that the check was short and could not be accepted in full payment of the debt due to the appellee by the appellant; that at no time during the conversation did they hear the appellant direct or instruct Mr. Gray to apply such check or payment toward or on the note of appellant held by the appellee, or ask for the return of said note, being the note sued upon in this cause.

It is the contention of the appellant that the court erred in denying her motion to open up the judgment, and in failing to assume the appellant's affidavit as true for the purpose of the motion. Also in not holding that the said affidavit did set out a prima facie defense.

Prior to the adoption of Rule 26 by the Supreme Court of Illinois, following the passage of the new Civil Practice Act, it was the well-established practice that on a motion to open up a judgment entered by confession, the only question properly before the court was whether the defendant had set up a meritorious defense, and whether defendant was chargeable with such

a degree of negligence as to leave him no standing in court. *Elaborated Ready Roofing Co. v. Hunter,* 262 Ill. App. 380. In the present case there is no question as to diligence. On a motion to vacate such a judgment it is necessary for a defendant to show a defense prima facie on the merits. *Gilchrist Transportation Co. v. North Grain Co.,* 204 Ill. 510. Counter-affidavits going to the merits of the defense were not admissible. *Continental Const. Co. v. Henderson County Public Service Co.,* 227 Ill. App. 43. In *Mendell v. Kimball,* 85 Ill. 582, the court said:

"The record in this case shows that counter affidavits were read by plaintiffs on the hearing of the motion to set aside this default. This is a vicious practice. Courts cannot do justice to parties in thus trying the merits upon affidavits, when the affiants are not subject to cross-examination."

The basis for said rule of practice was because it would oftentimes rob a party of the right of trial by jury and in any event there would be no opportunity given of seeing or hearing the witnesses, to cross-examine or to accurately weigh the evidence.

We do not believe that Supreme Court Rule 26 provides for any radical departure from this well-established practice. The rule provides:

"A motion to open a judgment by confession shall be supported by affidavit in the manner provided by Rule 15 for summary judgments, and if the motion and affidavit disclose a *prima facie* defense on the merits to the whole or a part of the plaintiff's demand, the court shall set such motion down for hearing. The plaintiff may file counter-affidavits. If, at the hearing upon such motion, it shall appear that the defendant has a defense on the merits to the whole or a part of the plaintiff's demand and that he has been diligent in presenting his motion to open such judgment, the court shall then sustain the motion either as to the whole of the judgment or as to such part thereof as to which a good defense

has been shown, and the case shall thereafter proceed to trial, and the complaint, motion and affidavit, and counter-affidavits shall constitute the pleadings unless the parties, or either of them, shall ask leave to file further pleadings.''

It appears to us that the purpose of the Supreme Court in adopting this rule was to clarify and simplify the established practice and not to change it so that causes could be tried by affidavits.

In the present case the affidavit filed by the appellant in support of the motion to open up the judgment discloses a prima facie defense on the merits to the whole or a part of the plaintiff's demand. She stated positively that she delivered the checks, and expressly told the manager of the appellee corporation to apply them upon the note or obligation sued on, in full payment of the same; that he so accepted the check and said that he would mail her the note on the next day. She further stated very definitely that at the time she delivered the check on August 23rd she did not owe the appellee anything on an open account. These facts together with the counter-affidavits raised two issues of facts: One as to whether or not appellant directed the agent of appellee to apply the payment of August 23rd on the note in question and in full payment thereof, and the other, whether or not she owed anything to appellee on an open account. Those questions should have been tried by a court upon the pleadings and not on the affidavits.

While there does not seem to be any case construing the function of counter-affidavits under Supreme Court Rule 26, there is some indication by that court of their views on the trial of causes on affidavits in the recent case of *Diversey Liquidating Corp. v. Neunkirchen*, 370 Ill. 523. In that case the court was considering its Rule 15, providing for an affidavit in proceedings for summary judgments, and stated: ''The purpose of a proceeding for summary judgment is to determine whether

a defense exists. Where a defense raising an issue of fact as to plaintiff's right to recover is set up, a summary judgment must be denied.''

Rule 26 requires an affidavit similar to the one provided for in Rule 15 and the above language is quite significant as applied to the facts in this case.

It is our judgment that the circuit court incorrectly denied appellant's motion to open up the judgment and the order of that court is reversed and the cause remanded with directions to grant appellant's motion to open the judgment for the purpose of allowing appellant to defend, permitting the judgment to stand as security until the merits of the case are heard and determined.

*Reversed and remanded with directions.*