F. W. Lietz, Plaintiff-Appellee, v. Donald Ankrom, Defendant, also Known as A. D. Ankrom, Incompetent; and Roberta Jane Hodge, Conservator of Estate of A. D. Ankrom, Incompetent, Appellants.

Gen. No. 9,886.

 Opinion filed June 16, 1953. Released for publication July 2, 1953.

HUTSON & HUTSON, of Monticello, for appellant.

PACEY & PACEY, of Paxton, for appellee.

MR. JUSTICE CARROLL delivered the opinion of the court.

This is an appeal by defendant-appellant, A. D. Ankrom and Roberta Jane Hodge, conservator of the estate of the said A. D. Ankrom, incompetent, from an order of the circuit court of Ford county, denying their motion to open up a judgment theretofore entered against the said A. D. Ankrom and for leave to plead.

On September 27, 1951 judgment by confession was entered against the defendant upon a promissory note containing a warrant of attorney to confess judgment, which instrument was dated August 7, 1951. Within thirty days thereafter and on October 19, 1951, Roberta Jane Hodge, as conservator of said defendant filed a verified motion to open up the judgment and permit her to plead to the merits. This motion alleged that the defendant was an incompetent person; that his adjudication as such was made on March 12, 1951 by the county court of Macon county; and that letters of conservatorship issued upon said date. Attached to the motion and a part thereof is a copy of said letters of conservatorship with certificate indicating the same to have been in full force and effect from the date of issuance. The motion further alleged that the note upon which the judgment was confessed was and is void and set forth the provisions of section 278, chapter 3, Illinois Revised Statutes [1951; Jones Ill. Stats. Ann. 110.375], which provides in part as follows: "Every note, bill, bond, or other contract by any person who is an adjudged insane, an adjudged mentally

438

ill, . . . or an adjudged incompetent person is void as against that person and his estate, . . ." Plaintiff filed a motion to strike the motion of the conservator and counter affidavits. With reference to these counter affidavits, it is sufficient to say they raised no legal question for the court to decide, but dealt entirely with the merits of the case. For reasons hereinafter pointed out, any matters contained in such counter affidavits could not be used as a basis for determining the sufficiency of defendant's motion.

■ ■ While Supreme Court Rule 26 [Ill. Rev. Stats. 1951, ch. 110, § 259.26; Jones Ill. Stats. Ann. 105.26] provides that the plaintiff may file counter affidavits, it does not authorize the court to determine the merits of the case upon such affidavits. The only question raised by a motion to open a judgment by confession is whether from such motion it appears that the defendant has a defense which entitles him to a trial on the merits. If plaintiff desires to controvert matters alleged in the motion of defendant, he may do so by counter affidavits and pursuant to said Supreme Court Rule 26, said affidavits become a part of the pleadings in the cause.

■ In the instant case, plaintiff's motion to strike and his counter affidavits recited certain facts and contends that proof thereof would take the note in question out of the statute, which declares the contracts of incompetents to be void. These counter affidavits related to the merits of the controversy and not to anything appearing in defendant's motion. The recitals in the counter motion of plaintiff and in the counter affidavits were facts which could not be proved by affidavits. It is evident from the record in this case that on the hearing on defendant's motion, the court considered the counter affidavits of plaintiff as evidence. This amounted to trying the merits of the case on affidavits without affording an opportunity to defend-

ant to cross-examine the affiants. In thus considering these counter affidavits the court erred. *Gilchrist Trans. Co. v. Northern Grain Co.,* 204 Ill. 510; *Continental Construction Company v. Henderson County Public Service Co.,* 227 Ill. App. 43; *Mendell v. Kimball,* 85 Ill. 582.

█ The motion of defendant set forth a prima facie defense to plaintiff's case on the merits. The issue thus raised by this defense should have been submitted to a jury. As was said in *Mendell v. Kimball, supra:* "The record in this case shows that counter affidavits were read by plaintiffs on the hearing of the motion to set aside this default. This is a vicious practice. Courts cannot do justice to parties in thus trying the merits upon affidavits when the affiants are not subject to cross examination."

For the reasons stated, the judgment is reversed and the cause remanded with directions to the trial court to grant the motion of the conservator to open up the judgment and for leave to plead.

*Judgment reversed and remanded with directions.*