Arthur C. Keller, Plaintiff-Appellee, v. Hyland Build-
ers Corporation, et al., Defendants-Appellants.

Gen. No. 48,673.

First District, First Division.
December 10, 1962.
Rehearing denied January 10, 1963.

Howard G. Joseph, of Chicago, for appellants.

Block and Solomon, of Chicago (Irving L. Block, of counsel), for appellee.

MR. PRESIDING JUSTICE BURMAN delivered the opinion of the court.

This is an appeal from an order of the Superior Court refusing to vacate a confessed judgment.

The action concerns promissory notes given to plaintiff by defendants in partial payment for a certain motel property. Plaintiff was the owner of and held title to the real estate in question in the name of Green Bay Washington Motel Corporation. The land had been purchased from Jerome Morrison and Harry Porett and plaintiff owed them money on the purchase price. When construction of the motel was commenced, plaintiff paid $25,000 to Porett and Morrison for the construction of off-site improvements.

Prior to the completion of the motel, in December, 1960, defendants negotiated with Morrison, Porett and plaintiff for the purchase of their respective interests in the motel. On December 17, 1960, a purchase price of $106,000 was agreed upon. $10,000 was to be paid in cash with promissory notes for the balance. Nine days later, defendants agreed to execute separate judgment notes of $50,000 payable to Porett and Mor-

rison and $44,000 payable to plaintiff. The notes were executed and delivered to the respective parties. The $50,000 due Morrison and Porett was payable as fol-lows:

$20,000 due May 10, 1961,
 5,000 due July 1, 1961,
 5,000 due February 1, 1962,
 5,000 due April 1, 1962,
 5,000 due June 1, 1962,
 10,000 due July 1, 1962.

The $44,000 due plaintiff was payable as follows:

$ 5,000 due July 1, 1961,
 10,000 due September 1, 1961,
 10,000 due November 1, 1961,
 5,000 due February 1, 1962,
 5,000 due April 1, 1962,
 5,000 due June 1, 1962,
 4,000 due July 1, 1962.

Among other things, the purchase agreement provided that Porett was to deliver to defendants a letter guaranteeing installation of off-site improvements on or before May 1, 1961, while plaintiff was to deliver a letter certifying that he had not caused any liens to be placed on the premises other than for architectural or engineering services rendered.

The first two installments of the notes payable to Morrison and Porett, due May 10, 1961, and July 1, 1961, were paid. The first payment on the notes payable to plaintiff, due July 1, 1961, was not paid. On August 24, 1961, after the forty-day grace period had lapsed, plaintiff confessed judgment for the entire amount due, pursuant to the acceleration clause.

On September 7, 1961, defendants filed a petition seeking to open up the confessed judgment, alleging that neither Porett nor plaintiff had provided the letters outlined, and "that the guarantee of the installa-

211

tion of off-site improvements and the certification that no liens had been placed on the premises other than for architectural and engineering services constituted a substantial portion of the consideration for defendants' execution of the promissory notes on which judgment has been taken, and that said consideration has therefore failed." On September 18, 1961, defendants filed a supplemental affidavit setting forth offsetting claims against plaintiff in the following amounts:

$ 2,166, the amount of a mechanic's lien filed by Soil Testing Service for services requested by plaintiff,

30,000, cost of off-site improvements not completed as per contract,

25,000, damages arising from failure to complete off-site improvements.

The affidavit did not contain a copy of the lien nor were the damages or cost of off-site improvements explained.

On September 25, 1961, the court ordered the judgment be opened up for the purpose of permitting defendants to offer evidence. The only evidence offered by defendants consisted of the testimony of Howard Nadolna, one of the defendants. Morrison, Milton Staven, a consulting engineer, and plaintiff testified for plaintiff. Mr. Nadolna's testimony was devoted primarily to the off-site improvements. In addition to a sanitary and storm sewer and water main, Mr. Nadolna contended the off-site improvements included a paved street.

■■ The power to open or vacate a judgment by confession is an equitable one, to be governed by equitable principles. 23 ILP, Judgments, sec 191, p 278. "A motion to set aside a judgment is addressed to the sound legal discretion of the court, the invocation of which must be preceded by an adequate showing, . . . that a meritorious defense can be made. . . .

212

A court should not undo a matter simply to redo it at a later date unless there is a reasonable expectancy that it might do it differently." Sarro v. Illinois Mut. Fire Ins. Co., 34 Ill App2d 270, 273, 275, 181 NE2d 187. "The mere statement that a defendant has a meritorious defense is not sufficient. The grounds and facts upon which the merits of the defense arise must be stated so that the court will be enabled to judge the merits of such defense." Whalen v. Twin City Barge & Gravel Co., 280 Ill App 596, 605–6. Thus the question before this court is whether defendants, by their petition, testimony and affidavit, have adequately shown that they can make a meritorious defense.

The supplemental affidavit set forth offsetting claims for a mechanic's lien resulting from services ordered by plaintiff in connection with the subject premises; for the cost of off-site improvements not completed, and for damages for failure to complete off-site improvements. After the court opened the judgment to allow presentation of evidence, defendants waived presentation of proof as to claims for mechanic's liens. Mr. Nadolna did not mention the mechanic's lien in his testimony. With regard to the off-site improvements, Mr. Nadolna admitted that only the road remained incomplete, but he could not offer any proof, beyond his own testimony, that the road was included in the off-site improvements. Mr. Morrison denied that the road was included in the off-site improvements. The final claim concerned alleged damages for failure to complete off-site improvements. The purchase agreement provided that Mr. Porett was to deliver a letter guaranteeing installation of the off-site improvements on or before May 1, 1961. Mr. Nadolna testified that all off-site improvements, with exception of the road, were completed by early July, 1961. The motel, which contains 144 rooms, was opened for occupancy in late July. The record contains no allegations that the opening of the motel was in any way

delayed because of the failure to complete the off-site improvements by May 1st.

In their petition to open up the confessed judgment, defendants allege they have a meritorious defense on the grounds consideration for the notes had failed in that the delivery of the two letters constituted a substantial portion of the consideration for execution of the two sets of promissory notes. There are a long line of Illinois cases, beginning with Gage v. Lewis, 68 Ill 604, holding that when a note is executed in return for a promise to perform future acts, it is the promise that constitutes the consideration for the note and not the performance of those promises. In Vella v. Pour, 329 Ill App 355, 68 NE2d 631, the court said:

> "It is claimed on behalf of defendants that there was a failure of consideration. Where the consideration of a promissory note is the promise of the payee to perform a certain act in the future the consideration does not fail from the nonperformance of the promise, since it is the promise to perform, and not the performance which constitutes the real consideration." 329 Ill App at p 360.

Defendants contend the instant case comes under the exception to the Gage rule cited in Bogdan v. Ausema, 33 Ill App2d 294, 179 NE2d 401. There, this court held that when defendant has asserted a claim of recoupment in defense to an action on a promissory note, the defense of failure of consideration may also be raised. The Bogdan decision is clear that there first must be raised a valid claim of recoupment before the defense of failure of consideration may be raised in an action on the note:

> "Since defendants averred certain matters which raise a valid defense on the note, their other defenses of partial failure of consideration—which might not otherwise be asserted because they

involve promises to perform future acts—may also be raised against the note. The Gage and subsequent decisions do not deny that the breach of the promises to perform future acts would give rise to a separate action for damages. Those cases merely sought to preserve the validity of notes where no other defenses were raised. In the case at bar, since the note is subjected to a defense in the nature of recoupment, the reason to protect it from defenses concerning the performance of future acts has disappeared." 33 Ill App2d at 300–301.

In the instant case, the defendants are not here asking for rescission of the contract. The supporting affidavit alleges certain offsetting claims in the nature of recoupment. However, when the judgment was opened for the presentation of evidence, defendants failed to present any evidence which would support the claims for recoupment. Since no valid claim for recoupment has been shown, the defense of failure of consideration cannot be raised under the Bogdan decision, but rather, is precluded by the Gage rule.

In addition, it is hard to reconcile defendants' contentions here, that the off-site improvements have not been completed, with the fact that they have made two payments on the notes due Morrison and Porett. Both payments were made after the date the letter of guarantee was due from Porett.

A review of the record does not indicate that defendants made an adequate showing that a meritorious defense could be made. The trial court did not abuse its discretion in refusing to set aside the confessed judgment.

Affirmed.

MURPHY and ENGLISH, JJ., concur.