Leroy Larsh, Plaintiff-Appellee, v. Green Gold Farms, Inc., a Corporation, Defendant-Appellant.

Gen. No. 10,682.

Fourth District.

March 10, 1966.

Rehearing denied March 31, 1966.

Brown, Hay and Stephens, of Springfield, for appellant.

J. Waldo Ackerman, of Springfield, for appellee.

TRAPP, P. J.

Plaintiff obtained a judgment in the amount of $38,928.90 by confession upon a note. Defendant appeals from the order of the trial court denying its motions to open the judgment by confession and to quash the writ of execution issued and denying motions to take the evidence deposition of the plaintiff, Leroy Larsh, and the discovery depositions of Frank W. Young and John M. Drennan, each of whom will be hereinafter referred to.

The defendant corporation was organized by one Frank W. Young on or about March 14, 1956, with the purpose of taking title to some 3,500 acres of land in Greene County, for which he had negotiated a contract of purchase. The corporate capital structure included the issuance of 3,500 shares of stock, all held by Frank W. Young, except one share issued to John M. Drennan, and one share issued to a Mr. Finger, who never again appears upon the scene. Young became the president of the corporation and Drennan became its secretary. From the divers motions and supporting affidavits, it may be taken that all parties to the case agree that upon the advice of his accountant, Young also took 5 notes of the corporation, each in the sum of $30,000, with interest at 5 per cent due in 5 years. Frank W. Young is the payee in each note executed in behalf of the defendant, Green Gold Farms, Inc., by Young as corporate president and John M. Drennan as corporate secretary. As payee, Young is not described in any capacity other than individually.

Having engaged in substantial corporate borrowing from various sources, on October 30, 1960, the original

114

shareholders sold their shares to Bankers Life & Casualty Co., and Young and Drennan resigned their respective corporate offices. It is set forth, by affidavit, that as a part of the transaction Young surrendered and delivered to the corporation the 5 corporate notes made payable to him.

On October 23, 1965, plaintiff obtained a judgment by confession upon a note purporting, on its face, to be executed by Green Gold Farms, Inc., through Frank W. Young as president, and John M. Drennan as secretary. The note, as shown by the photographic copy attached to the complaint, is dated March 14, 1956, and is in the principal sum of $30,000, due in 5 years, payable to Frank W. Young. Upon the reverse side, it bears the endorsement:

"Frank W. Young
without recourse
Nov. 16, 1959."

On March 25, 1965, defendant filed a motion, which it is urged is sufficient as a motion to set aside a judgment as by default, and as a motion within the purpose and scope of sec 50(6) of the Civil Practice Act (Ill Rev Stats c 110, § 50(6), 1963), and sec 83 of the Judgments Act (Ill Rev Stats c 77, § 83, 1963). Plaintiff moved to strike this motion upon the grounds that neither the motion nor the accompanying affidavits satisfied the requirements of Supreme Court Rules 23 and 15.

On April 7, 1965, defendant filed a motion designated as a motion to open the judgment by confession and to quash the execution, together with divers affidavits and a verified form of answer which it asked to be permitted to file. Plaintiff thereupon moved to strike this motion of the defendant, together with its affidavits, for failure to comply with Supreme Court Rules 23 and 15, (Ill Rev Stats c 110, §§ 101.23 and 101.15), and plaintiff in

115

turn filed a series of affidavits. Defendant filed supplemental affidavits with an array of documents attached, and the parties exchanged motions to strike the other's affidavits for failure to comply with the Rules designated.

On July 13, 1965, the trial court entered the order from which this appeal is taken.

■ ■ There is authority that an order denying a motion to vacate a judgment by confession is an appealable order. Conaghan v. Estes, 16 Ill App2d 373, 148 NE2d 8; Pickard v. Rice, 329 Ill App 185, 67 NE2d 425. These cases seem to parallel the rule, stated in Gebhard v. Brewers Malting Co., 185 Ill App 254, that where a motion to vacate a default judgment is denied, both the judgment and the order denying the motion to vacate the judgment are final orders and that the defendant has a right to appeal from either or both, but that appellate review is limited to that one which is appealed.

We believe that the disposition of this matter must be decided upon aspects which have not been directly referred to by counsel in their several briefs and arguments. In the latter, both parties agree that incident to the initial formation of the corporation, only 5 notes were issued on the date and in the amounts set forth, payable to Frank W. Young, as consideration for the land conveyed to the corporation. Plaintiff so describes the 5 notes as a part of the corporate capital structure and supports the position with the affidavit of the plaintiff and of one Turnbull, an accountant who advised Young upon the transaction. Defendant's motion to open judgment alleges that only the 5 notes were issued by the corporation, and this is supported by the affidavit by one E. H. Weig, now president of the corporation, who asserts that the 5 notes were delivered to the corporation by Young and are now in its possession, and further asserts that the corporation is not now indebted to Young, the plaintiff, or any other endorsee of Young.

116

Plaintiff's complaint has attached a photocopy of the note in the amount, dated and executed as the parties agree the fact to be. Defendant's motion to open the judgment has attached photocopies of 5 notes, each in the amount, dated and executed as so agreed. Upon examination of the record it is patent that the note plaintiff relies upon is a small printed form with various blanks filled in, while each of the notes in defendant's possession are on a large sheet and appear to be tailor-made as typewritten instruments. The wording of the conventional portions of a note with warrant of attorney varies between the instruments of the respective parties. Recalling that the parties agree that only 5 corporate notes, payable to Frank W. Young, were executed, it must be accepted that one party or the other does not possess a genuine instrument.

■ ■ As stated in Sucher v. Nabenkoegl, 13 Ill App2d 248, 141 NE2d 648, the requirements of the Supreme Court Rules were intended to clarify established practice with regard to opening judgments by confession and were not designed to permit the trial of the case by affidavit. See also Walrus Mfg. Co. v. Wilcox, 303 Ill App 286, 25 NE2d 132. In determining whether or not the motion to open the judgment presents a defense which entitles the defendant to a trial upon the merits, the trial court should not inquire into controverted issues of fact to determine whether the defense is proven. Barrick v. Barnes, 46 Ill App2d 172, 196 NE2d 526; Freudenthal v. Lipman, 320 Ill App 681, 51 NE2d 794. In Walrus Mfg. Co. v. Wilcox, 303 Ill App 286, 25 NE2d 132, it is said that the reason for the rule stated is that otherwise a party may be deprived of his right to trial by jury, or that, in any event, there would be no opportunity to see, hear or cross-examine the witnesses if the merits of the defense were to be considered at the hearing upon the motion.

■ The motion itself is to be considered under liberal, equitable principles and the right to present the defense upon the merits is to be considered an exercise of the conscience of the court. Podbielniak v. Podbielniak, 60 Ill App2d 357, 208 NE2d 625; Alter & Associates, Inc. v. Zylvitis, 36 Ill App2d 195, 183 NE2d 750.

In this court, and apparently in the trial court, the argument of the respective parties has been directed to whether plaintiff is a holder in due course under the Negotiable Instruments Law and his rights as such, and whether Young was a corporate fiduciary so that under the provisions of the Uniform Fiduciaries Act, § 4 (Ill Rev Stats c 98, § 237, 1963), the plaintiff was upon some notice in the transaction.

We believe that it first must be determined which instruments appearing in the pleading are genuine. In Krueger v. Dorr, 22 Ill App2d 513, 161 NE2d 433, it is said, at page 527:

> "Under the Negotiable Instruments Law, so far as now material, Ch 98, Ill Rev Stats 1957, par 43, where a signature is forged or made without authority on a negotiable instrument, it is wholly inoperative. A forged note is by the common law absolutely void, unless it has in some way been ratified by the payor: Vannatta v. Lindley (1902), 198 Ill 40; Kolmar, Inc. v. Moore (1944), 323 Ill App 323; . . . . . ."

See also Feltinton v. Rongetti, 337 Ill App 383, 86 NE2d 292.

■ The respective parties have a common source of title for the several notes, and from the pleadings before the court it seems fair and equitable to say that the issue of whether or not the plaintiff has a genuine instrument has been raised.

118

We find nothing in the record, or in a contemplation of the dates of the several transactions between Young and the respective parties in this cause, which justifies any judicial presumption as to which instrument or instruments constitute the genuine obligations of the corporation.

We find no substantial claim that defendant has failed in diligence and in prosecuting his motion to open the judgment. (Ill Rev Stats c 110, § 101.23.)

The order of the trial court denying defendant's motion to open the judgment by confession is reversed and the cause remanded for further proceedings not inconsistent with the views as expressed herein.

Reversed and remanded.

SMITH and CRAVEN, JJ., concur.