National Boulevard Bank of Chicago, Plaintiff-Appellee, v. Corydon Travel Bureau, Inc., Alan R. Rosenberg, and Sam Silver, Defendants, and Melvin E. Levinson, Defendant-Appellant.

Gen. No. 51,543.

First District, First Division.

April 15, 1968.

Kirkland, Ellis, Hodson, Chaffetz & Masters, of Chicago (William D. Maddux, John M. O'Connor, Jr., and Elsie C. Spears, of counsel), for appellant, Melvin E. Levinson.

A. Daniel Feldman, of Chicago (Isham, Lincoln & Beale, of counsel), for appellee.

MR. JUSTICE ADESKO delivered the opinion of the court.

On October 1, 1965, a judgment by confession on a series of ten promissory notes was entered against Corydon Travel Bureau, Inc., and Alan R. Rosenberg in favor of plaintiff, National Boulevard Bank of Chicago, for the amount of $243,870.86. At the same time judgment by confession was entered against Sam Silver and Melvin E. Levinson in the amount of $138,570.37, pursuant to their guaranty on five of the aforementioned notes. Defendants Melvin E. Levinson and Sam Silver separately petitioned the court to "vacate and reopen" the judgment by confession, each movant attaching an affidavit in support of his motion. After a hearing, each of the motions to "vacate and reopen" the judgment was denied and the judgment by confession was confirmed. Only Levinson prosecutes this appeal.

The procedure for opening a judgment by confession is governed by Supreme Court Rule 23, (Ill Rev Stats 1965, c 110, § 101.23) now Supreme Court Rule 276 (Ill Rev Stats 1967, c 110A, § 276). The Rule provides:

> "A motion to open a judgment by confession shall be supported by affidavit in the manner provided by Rule 15 for summary judgments, and shall be

accompanied by a verified answer which defendant proposes to file. If the motion and affidavit disclose a prima facie defense on the merits to the whole or a part of the plaintiff's demand, the court shall set the motion for hearing. The plaintiff may file counteraffidavits. If, at the hearing upon the motion, it appears that the defendant has a defense on the merits to the whole or a part of the plaintiff's demand and that he has been diligent in presenting his motion to open the judgment, the court shall sustain the motion either as to the whole of the judgment or as to any part thereof as to which a good defense has been shown, and the case shall thereafter proceed to trial upon the complaint, answer, and any further pleadings which are required or permitted. If an order is entered opening the judgment, defendant may assert any counterclaim, and plaintiff may amend his complaint so as to assert any other claims, including claims which have accrued subsequent to the entry of the original judgment. The issues of the case shall be tried by the court without a jury unless the defendant or the plaintiff demand a jury and pay the proper fee (if one is required by law) to the clerk at the time of the entry of the order opening the judgment. The original judgment stands as security, and all further proceedings thereon are stayed until the further order of the court, but if the defense is to a part only of the original judgment, the judgment stands as to the balance and execution may issue thereon. If a defendant files a motion supported by affidavit which does not disclose a defense to the merits but discloses a counterclaim against the plaintiff, and defendant has been diligent in presenting his motion, the trial court may permit the filing of the counterclaim and stay all proceedings on the judgment by confession until the counterclaim is disposed of."

Appellant's theory is that he complied with the requirements of Supreme Court Rule 23 in that he presented his motion with due diligence and the affidavit set forth a meritorious defense to the cognovit judgment. No issue is raised by plaintiff-appellee with respect to whether defendant acted with due diligence. Plaintiff asserts only that "Levinson has failed to set forth a meritorious defense, and that the trial court properly refused to vacate the cognovit judgment." Although the parties are quite lax in the use of the terms "open" and "vacate" (See Farmers Bank of North Henderson v. Stenfeldt, 258 Ill App 428 (1930)), we consider the motion filed by appellant, in the trial court, as a motion to *open* a judgment by confession pursuant to the Supreme Court Rule.

■ Considering the scope of Rule 23, we note initially that the court is to determine only whether or not the motion and affidavit in support thereof disclose a prima facie defense. Barrick v. Barnes, 46 Ill App2d 172, 196 NE2d 526 (1964). No inquiry into the facts of the cause is to be conducted. Walrus Mfg. Co. v. Wilcox, 303 Ill App 286, 25 NE2d 132 (1940). All the allegations by defendant are to be accepted as true. Scheinfeld v. Muntz TV, Inc., 67 Ill App2d 8, 214 NE2d 506 (1966). The only question for the court to decide is whether from the motion to open the judgment it appears that defendant has a defense which entitles him to a trial on the merits. Lietz v. Ankrom, 350 Ill App 437, 113 NE2d 184 (1953). The motion is addressed to the sound legal discretion of the court. Keller v. Hyland Builders Corp., 38 Ill App2d 209, 186 NE2d 787 (1962). It is to be considered under liberal, equitable principles, Alter & Associates, Inc. v. Zylvitis, 36 Ill App2d 195, 183 NE2d 750 (1962), and the right to present a defense is considered an exercise of the conscience of the court. Larsh v. Green Gold Farms, Inc., 68 Ill App2d 113, 214 NE2d 924 (1966). Therefore, it is essential that we carefully examine defendant's motion and affidavit to determine if a prima facie defense is pleaded. Further, we must

examine the nature of the evidence set forth in the affidavit to determine if such evidence would be admissible at a trial on the merits. Sharp v. Kennedy, 12 Ill App2d 353, 139 NE2d 594 (1957).

The affidavit in support of the motion to open the judgment entered by confession alleges that Corydon Travel Bureau, Inc., (Corydon) and plaintiff orally entered into a financing agreement. Plaintiff lent money to Corydon for which promissory notes were executed. Plaintiff received an assignment of Corydon's accounts receivable and was to collect the accounts, using the receipts to pay off the notes. Defendant further alleges that plaintiff requested him to guarantee five of the notes executed by Corydon. In order to induce defendant to execute the guaranty, it is asserted that plaintiff agreed to take certain steps as a condition precedent to its use. These conditions were that plaintiff would obtain a credit report on Corydon and Alan R. Rosenberg, a principal of the corporation; audit Corydon's accounts; collect the accounts receivable; notify defendant of any irregularities in the agreement with Corydon, and in particular with respect to the accounts receivable; determine if proper corporate resolutions were passed to authorize Rosenberg to borrow on behalf of Corydon; cause Corydon to transfer its lock box and bank account to the plaintiff's bank; notify Corydon's old bank to transfer all monies collected to plaintiff's bank; and no loans would be made to Corydon until the bank accounts had been transferred and plaintiff had access to Corydon's lock box.

Defendant's motion then alleged that, relying on plaintiff's promises, he executed the guaranty, but plaintiff failed to perform any of the aforementioned acts. As a consequence, plaintiff never had control of the Corydon bank accounts, lock box, or accounts receivable and these assets have been misappropriated and dissipated.

■■ Defendant argues that his affidavit establishes the defense of lack of delivery because a delivery subject

286

to a condition precedent is not a complete delivery until such condition is fulfilled. Bell v. McDonald, 308 Ill 329, 139 NE 613 (1923) ; Jordan v. Davis, 108 Ill 336 (1883). The allegations of the affidavit set forth acts which plaintiff agreed to perform prior to the guaranty becoming effective and the failure to perform such acts. We agree that these allegations show a conditional delivery.

No issue is raised as to the sufficiency of the pleading, nor does plaintiff take issue with the law of conditional delivery. Instead it argues that such a rule is inapplicable here, because defendant's affidavit offers only oral parol evidence which may not be used to establish a conditional delivery of a written instrument if such evidence will expressly contradict the clear and unambiguous terms of that same instrument. In its brief, plaintiff states:

> "Defendant alleges that the parties entered into an oral agreement requiring plaintiff to audit and collect the accounts receivable of Corydon, to cause Corydon to transfer its lock box and bank account from the Hartford National Bank to the plaintiff, and to notify the Hartford National Bank that all monies collected on behalf of Corydon should be transferred to plaintiff. Each of these allegations refers solely to the collection and preservation of the accounts receivable of Corydon, the collateral for the loans. The written instruments, however, expressly provide that defendant 'consent(s) that the security . . . may be . . . surrendered . . . without notice to the undersigned,' that it may be 'release(d) . . . without notice,' and that plaintiff 'is released from all obligation to collect or in any way protect said property.' It would be difficult to conceive of language more clear or explicit than this in stating the intent of the parties that plaintiff should have no duties or obligations at all toward the

287

collateral. Defendant also alleges that the oral agreement called for plaintiff to give notice to defendant of any irregularities in the performance of the agreement, especially with respect to the collection of the accounts receivable. But the written instruments specifically provide that defendant waived all notice of any such default."

As to the defendant's allegations that plaintiff was to obtain a credit report on Corydon and to determine if proper corporate resolutions were passed, plaintiff argues that there is no allegation that Corydon's credit was bad or that the resolutions were not passed.

Proceeding as we are, under Supreme Court Rule 23, the singular issue is whether defendant's affidavit sets forth a meritorious defense. Under the theory of the Sharp case, supra, this, in turn, requires us to decide if the facts alleged in the affidavit could be testified to at a trial on the merits. Determination of this question depends upon application of the parol evidence rule. " 'Few things,' write Professor Thayer, 'are darker than this, or fuller of subtle difficulties'; and this condition of the law all members of the profession will concede." Wigmore on Evidence, 3rd ed, § 2400. Also see 3 Corbin on Contracts, § 589.

The pertinent language of the guaranty executed by defendant provides as follows:

"For Value Received, we the undersigned do hereby jointly and severally guarantee the payment of the within note, in accordance with its terms, at maturity or any time thereafter, . . . and the undersigned hereby waive . . . demand, protest, notice of protest or notice of default, . . . and diligence in collection, consent that the security for the said note, or any part thereof, may be exchanged or surrendered from time to time or the payment thereof extended from time to time without notice to the

undersigned or any of them, and hereby accept all of the provisions of the within note."

With respect to defendant's allegation that plaintiff was to collect the accounts receivable and to notify defendant of any irregularities in the agreement with Corydon, the point is well taken that parol evidence would be an attempt to change the terms of the contract. However, with respect to the other allegations in defendant's motion, we feel he has stated facts which, if proven to be true, could constitute a defense to an action on the guaranty.

We find nothing in the note or guaranty which states that the plaintiff will not conduct an independent credit investigation of Corydon or make an audit of Corydon's accounts. Without anticipating what the proof will show, we find it perfectly logical to presume that if the bank's own investigation indicated that the loan to Corydon was not commercially sound, the loans would never have been made and defendant would not be willing to guarantee such loans.

We are fully aware that the guarantor "consents that the security . . . may be exchanged or surrendered from time to time." If the lock box and bank account had been transferred to plaintiff, and then released, there would be no ground for complaint. However, defendant has alleged that plaintiff never obtained control of the lock box and account. Defendant should have the opportunity to prove this fact. Again, without anticipating what the evidence will show, it seems reasonable to presume that only if the plaintiff was assured of collecting the full proceeds of the note would it "exchange or surrender" the contents of Corydon's lock box or bank account. Defendant may have relied on this and therefore was willing to act as a guarantor only after the lock box and bank account were in plaintiff's possession.

The allegation that plaintiff failed to ascertain if an appropriate corporate resolution was passed by Corydon

289

to allow Rosenberg to borrow money also appears to us to be a proper fact which defendant should be allowed to prove. Plaintiff argues that whether or not the resolution was passed could not affect defendant's liability. From the present state of the record all we know is that Rosenberg is a principal of Corydon. We do not know who the other stockholders are. Absent any other facts, the lack of a proper corporate resolution could affect a guarantor's liability. Disposition of this question must await proof of all the relevant facts.

We are also aware of the provision of the note which provides:

> "Said holder is released from all obligation to collect or in any way protect said property or to exercise any of the foregoing rights or powers and shall have no liability for failure so to do or for delay in so doing."

The key phrase is "said property." In the context, it is clear that this entire provision refers to the collateral security for the note. As indicated above, parol evidence could not be used to show any promises by the plaintiff with respect to how it would deal with the collateral. The motion to open judgment by confession, however, alleges promises by the plaintiff of acts it would perform which are not related to collection or protection of the security for the loans. It is these allegations which we feel entitle defendant to the opportunity to present his defense.

Plaintiff relies primarily on two cases to sustain his position that defendant is not entitled to prove the allegations in the motion to open judgment by confession. The first case is National Bank & Trust Co. of South Bend v. Becker, 38 Ill App2d 307, 187 NE2d 355 (1962). In the Becker case, plaintiff bank lent $50,000 to a corporation and about a month later, an additional $10,000. The defendants then executed a guaranty as to all existing

and future indebtedness of the borrower. Subsequently, additional loans of $35,000 were made to the corporation. When sued on his guaranty, defendant attempted to introduce oral and written parol evidence which limited his guaranty only to loans in excess of $60,000. Such parol evidence directly contradicted the provisions in the guaranty that it applied to all *existing* and future indebtedness and was therefore rejected by the trial court. This court refused to permit defendant to limit his liability by use of parol evidence.

Becker is clearly distinguishable from the instant case. As already pointed out, the allegations by defendant Levinson do not directly contradict the terms of the guaranty executed here. Furthermore, the Becker case acknowledges use of parol testimony to establish a conditional delivery.

> "(O)ral proof of the conditional delivery is admissible despite the face of the document to the contrary. To come within the rule which admits parol evidence of a conditional delivery of a written contract, the condition must be qualified as a condition precedent and not a condition subsequent. If the condition is extraneous to the unambiguous language of the contract, it may qualify as a condition precedent." (P 312.)

In the instant cause, defendant has alleged that plaintiff agreed to perform certain acts extraneous to the written guaranty. Consequently, defendant should have the opportunity to prove those allegations, even if such proof requires use of parol evidence.

The other case relied upon by plaintiff, Chicago Title & Trust Co. v. Cohen, 284 Ill App 181, 1 NE2d 717 (1936), is cited in Becker. In Cohen, the defendant and 44 other persons guaranteed the payment of certain bonds. Defendant claimed a conditional delivery of his guaranty in that it was not to become binding until exe-

cuted by additional parties, including the investment company which procured his signature. The court agreed that "conditional delivery may be shown outside the language of the contract, and that such proof does not necessarily contradict or vary its terms by parol." (P 194.) However, the effect of defendant's allegations was to write additional promisors into the agreement and to that extent, remake the contract. The contract had described the guarantors as "members" of the borrowing institution. Defendant alleged the names of persons who did not fall into that classification as required signators. Defendant also claimed the investment company induced him to sign, but the guaranty specifically stated that the guarantors signed to induce the making of the loan. These factors clearly distinguish Cohen from the instant cause.

The court in the Cohen case, as in Becker, recognized the right to use parol evidence to demonstrate a conditional delivery. It was only the express contradictory language in the guaranty which prevented introduction of such evidence. No such express contradictory language is to be found in the guaranty signed by defendant Levinson.

■ ■ From our analysis of this cause, we conclude that defendant has alleged sufficient facts in his motion to open the judgment by confession to show conditions precedent to the effectiveness of the guaranty. Certain of these well-pleaded facts are not expressly contradicted by the language of the guaranty and their proof is not prevented by the parol evidence rule. The failure of plaintiff to perform the conditions precedent is a meritorious defense to an action on the guaranty. Defendant is therefore entitled to a trial on the merits so that he may attempt to prove the conditional delivery alleged in his motion.

In view of the foregoing, the order denying defendant's motion to open the judgment by confession is reversed

292

and this cause remanded with directions to vacate the order confirming such judgment and proceed in conformity with the views expressed in this decision.

Judgment reversed and cause remanded with directions.

BURMAN, P. J. and MURPHY, J., concur.