Standard Bank & Trust Company, a Banking Corporation, Plaintiff-Appellee, v. Marion F. Cooper, Defendant-Appellant.

Gen. No. 51,479.

First District.

September 30, 1968.

George Kaye, of Chicago, for appellant.

Roland Towle, of Chicago, for appellee.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

Plaintiff confessed judgment against the defendant. This appeal is from post-judgment motions and orders attacking that judgment.

■ Defendant first contends that the judgment is void and the trial court erred in not so finding for the reason that the complaint and warrant of attorney was verified by an attorney-at-law who was not an agent of the corporation-plaintiff "having knowledge of the facts" as required by CPA 35, Ill Rev Stats 1965, c 110, § 35, and for the further reason that the complaint as filed did not set forth in the body of the pleadings the name of the defendant as a party against whom relief was sought as required by CPA 21(4), Ill Rev Stats c 110, § 21(4). During arguments on the motion, the plaintiff moved to amend his complaint on its face by adding the name of the defendant in the body thereof and the court granted this request. Defendant contends that the complaint is thus fatally defective and that the amendment violated the provisions of CPA 46(3), "which in effect limits the right to amend the pleadings after judgment to instances where the amendment is made to conform the pleadings to the proof." Klein v. Ickovitz, 72 Ill App2d 59, 219 NE2d 73, 75. In Klein, the court held it was error to permit the amendment because its effect was to add a new party to the suit after judgment. In the instant case, a copy of the installment note was attached to the complaint. Defendant has never denied his signature on the note, but in subsequent pleadings denies the note was executed by him as an individual but, as an employee, representative and nominee of his employer. Not only does the note bear his purported signature, but the confession also names him as a defendant. Both are part of the complaint and pleadings. In our judgment, this is sufficient compliance with the statute requiring that the party against whom relief is sought be set forth in the body of plaintiff's pleadings. Defendant's position is without merit.

44

The affidavit to the complaint is signed by plaintiff's attorney of record and states "that the allegations in this complaint are true." The complaint alleges the ownership of the note, its execution and delivery for value received, that the defendant resides in the county and the amount due on the note. The deposition of the attorney indicates that his verification is based on information obtained from officers of the bank, an examination of the note, an examination of the security agreement executed by the defendant, an examination of a verified alleged novation agreement which was subscribed and sworn to by the defendant before a notary public, an examination of the bank records, a comparison of signatures, and communications with the defendant's attorney. The execution of none of these documents by the defendant nor that they bear his genuine signature is denied by him. Under these circumstances, it is our judgment that the complaint is properly verified and the motion to vacate is properly denied.

Defendant further contends that the trial court was in error in refusing to open up the judgment and granting leave to plead under the provisions of Supreme Court Rule 276 (Ill Rev Stats c 110A, § 276, 1965). The motion was supported by affidavits and verified answer and counterclaims. Plaintiff filed counter-affidavits. In substance, the answer charges that as to five of the trailers covered by the agreement securing the note in question, they were sold by the defendant to a third party and delivered and the titles to such equipment were signed by the defendant and delivered to the bank. Defendant's insurance upon them was canceled and they were reinsured by the third party with the bank as named beneficiary under the policy, that the defendant made such deliveries and signed over such titles on the promise by the bank that they would accept the third party in lieu

45

of the defendant and such action on his part would discharge him from further responsibility for liability and that he fully performed his part of such oral agreement. The answer further alleges that this amounts to a novation or a satisfaction in discharge of defendant's obligation to the bank. The answer further charges that even if the defendant may only be said to be a guarantor, he is relieved of liability on his guarantee for the reason that (1) he was never notified of any default by the third party, (2) plaintiff-bank could have protected itself by charging deposits of the third party as a credit on the note and (3) that the plaintiff failed to exercise diligence in collecting from the third party and permitted it to remove the trailers from the state and to become insolvent.

In Larsh v. Green Gold Farms, Inc., 68 Ill App2d 113, 117, 214 NE2d 924, 926, it is stated:

> "As stated in Sucher v. Nabenkoegl, 13 Ill App2d 248, 141 NE2d 648, the requirements of the Supreme Court Rules were intended to clarify established practice with regard to opening judgments by confession and were not designed to permit the trial of the case by affidavit. See also Walrus Mfg. Co. v. Wilcox, 303 Ill App 286, 25 NE2d 132. In determining whether or not the motion to open the judgment presents a defense which entitles the defendant to a trial upon the merits, the trial court should not inquire into controverted issues of fact to determine whether the defense is proven. Barrick v. Barnes, 46 Ill App2d 172, 196 NE2d 526; Freudenthal v. Lipman, 320 Ill App 681, 51 NE2d 794. In Walrus Mfg. Co. v. Wilcox, 303 Ill App 286, 25 NE2d 132, it is said that the reason for the rule stated is that otherwise a party may be deprived of his right to trial by jury, or that, in any event,

"there would be no opportunity to see, hear or cross-examine the witnesses if the merits of the defense were to be considered at the hearing upon the motion."

In our judgment, these rules apply to the case at bar, that there are issues of fact as to whether or not there was a novation, a satisfaction of the judgment or an oral agreement to discharge the defendant upon signing over the titles as he did. Accordingly, the trial court erred in denying the motion to open up the judgment and for leave to answer and defend on the merits.

■ The defendant also contends that the trial court erred in denying him the right to file counterclaims involving other parties to the transaction. The plaintiff contends that the denial was a final order and then appealable by notice within 30 days and since no notice of appeal was given within such time, it is too late to appeal now. Plaintiff's position is not well taken. The counterclaims involve multiple parties. Each of the counterclaims involve the plaintiff. The first four counterclaims involve some of the trailers underlying the instrument sued on and one involves interference with the counterplaintiff in his relationship to his employer causing his discharge and loss of salary and pension rights. Rule 276 of the Supreme Court permits counterclaims. In Fulton St. Wholesale Market Co. v. Guggenheim, 50 Ill App2d 217, 200 NE2d 388, the court upheld the joinder of the third-party defendant where judgment had been confessed on a lease. The defendant made no claim against the plaintiff, but merely asserted a claim against a codefendant who was not an original party. This procedure was approved and the action of the trial court was affirmed. It would logically follow that if a party may be added by a defendant even though the claim to be litigated against him is not also asserted

against the plaintiff, then a like procedure would be approved if the party or parties to be added are joined with the plaintiff as counterdefendants. In so doing, then we have multiple parties and multiple claims involved in the suit and under the provisions of CPA 50 (2), the order denying the defendant permission to file the counterclaims even if final was not appealable as a piecemeal appeal unless there was an express finding by the trial court that "there is no just reason for delaying enforcement or appeal." There was no such finding in the instant case and it is therefore not barred and is now reviewable as a part of the principal case. In Peterson v. Gwin, 17 Ill2d 261, 161 NE2d 123, the Supreme Court dismissed as premature an appeal from a denial to file a counterclaim before the remainder of the case had been disposed of on the merits. We think this rule applies here and that it is now reviewable, and that the trial court erred in denying leave to file the counterclaims.

Accordingly, the judgment in this case must be reversed and remanded to the trial court with directions to open up the judgment and permit the defendant to answer and to file counterclaims. We do not determine the sufficiency of the counterclaims tendered with the defendant's motion.

Affirmed in part; reversed in part with directions.

TRAPP and CRAVEN, JJ., concur.