**ARTEX MANUFACTURING CO., Inc.,**
**Plaintiff-Appellee,**

v.

**Sam SANTO and Michael S. Santo,**
**Defendants-Appellants.**

**No. 17477.**

United States Court of Appeals
Seventh Circuit.

Oct. 31, 1969.

Michael Levin, Michael M. Kachigian, Chicago, Ill., for defendants-appellants.

David J. Krupp, Robert C. Howard, Chicago, Ill., for plaintiff-appellee.

Before DUFFY, Senior Circuit Judge, KERNER, Circuit Judge and GRANT, District Judge.[1]

DUFFY, Senior Circuit Judge.

Plaintiff, Artex Manufacturing Co., Inc. (Artex), obtained a judgment by confession for the final $30,000 installment of a $115,000 note executed by defendants. An amended petition and affidavits were filed by defendants seeking to open this judgment. Such proceeding was pursuant to Illinois Supreme Court Rule 276(Ill.Rev.Stat. Ch. 110A, sec. 276).

The District Court held that the pleadings and papers filed by defendants did not disclose a *prima facie* defense to the demand made by plaintiff and entered an order dismissing the petition.

Defendants' note represents a part payment for the 1963 purchase by defendants of Artex's subsidiary, Universal Artex Processing Co., Inc. (Universal).

Since 1963, Otto and Eva Schick have been the principal stockholders of Artex.

---

1. Chief District Judge Grant of the Northern District of Indiana is sitting with this Court by designation.

Prior to 1963, Artex was owned by Nat Nast, Inc. (Nast). In 1962, the Schicks and the defendants (Santos) jointly owned Universal. In that year they sold Universal to Nast in return for Nast stock. Santos claim that they received "certain indemnity agreements" with respect to the Nast stock. Such agreements were alleged to be in writing but they are not of record in this case. Defendants allege that when Universal was sold to Nast, Universal owed them $30,000. The alleged indemnity agreements relate to this $30,000 debt. No written evidence of this debt was presented. Universal became one of the subsidiaries of Artex.

In 1963, Artex and its subsidiaries were sold to Schick Enterprises, Inc., a company in which the Schicks were substantial stockholders, Allegedly, as part of the consideration for this transaction, the Schicks or Schick Enterprises, Inc., agreed (no writing is presented or alleged) that the indemnity given by Nast to Santos would be "honored" or "satisfied" by the Schicks personally and by Artex. It is not alleged that Artex ever took any corporate action with respect to the alleged indemnity.

Later, in 1963, Artex sold Universal to the Santos who gave their note of $115,000 in part payment. The final $30,000 of that note was not paid and is the basis for the plaintiff's judgment in this suit. Defendants do not allege the note is unenforceable or that the agreement by which they purchased Universal was not fully performed by Artex.

Defendants allege only that when the Schicks and Nast refused to indemnify defendants with respect to the Nast stock, the defendants then refused to make the final payment of $30,000 on the note to Artex.

Defendants admit that the only question presented on this appeal is whether they have disclosed a *prima facie* defense on the merits to the claim of the plaintiff.

Defendants claim plaintiff is separately indebted to them because of an alleged oral agreement with the Schicks or Schick Enterprises, Inc. to the effect that they and plaintiff would "honor" or "satisfy" an indemnity agreement. It is thus apparent that defendants' claim relates to a wholly unrelated transaction.

In Illinois, the refusal of a trial court to open a judgment may be reversed only if there has been a clear abuse of discretion. Keller v. Hyland Builders Corp., 38 Ill.App.2d 209, 186 N.E.2d 787, 790 (1962); National Boulevard Bank of Chicago v. Corydon, 95 Ill.App.2d 281, 238 N.E.2d 81, 84 (1968).

In *Keller*, the Court stated at page 789:

"The power to open or vacate a judgment by confession is an equitable one, to be governed by equitable principles. * * * 'A motion to set aside a judgment is addressed to the sound legal discretion of the court, the invocation of which must be preceded by an adequate showing, * * * that a meritorious defense can be made. * * * A court should not undo a matter simply to redo it at a later date unless there is a reasonable expectancy that it might do it differently.' Sarro v. Illinois Mut. Fire Ins. Co., 34 Ill.App.2d 270, 273, 275, 181 N.E.2d 187, 189, 190."

The affidavits of defendants consist primarily of conclusions rather than statements of fact. They fail to specify any of the documents upon which they rely. Defendants did not attach "sworn or certified copies" as required by Illinois Supreme Court Rule 191(a) (Ill. Rev.Stat. Ch. 110A, § 191).

The District Court was not bound to consider the mere conclusions of the pleader as true. Freudenthal v. Lipman, 320 Ill.App. 681, 51 N.E.2d 794 (1943).

Here, the situation was similar to that facing the Court in Viner v. Weatherall, 28 Ill.App.2d 422, 171 N.E.2d 411 (1960), where it said "A close examination of defendant's affidavit filed in sup-

**134**

port of his motion to vacate or open up the judgment discloses that it merely contains conclusions and not facts admissible in evidence. * * * There was not presented to the trial court a factual situation which would, in the exercise of its sound legal discretion, warrant the opening of the judgment entered." See also Kirchner v. Boris and Dave Goldenherch, Inc., 315 Ill.App. 305, 42 N.E.2d 953 (1941).

The order of the trial court dated January 14, 1969 denying and dismissing defendants' petition to vacate judgment is

Affirmed.