**Max Sugar, Appellant, v. Guiseppe Marinello, Appellee.**

**Gen. No. 34,084.**

Heard in the third division of this court for the first district at the February term, 1930. Opinion filed January 28, 1931.

LEVISOHN & LEVISOHN, for appellant.

E. LESLIE COLE and WILLIAM H. KATT, for appellee.

MR. JUSTICE HEBEL delivered the opinion of the court.

This is an action by the plaintiff against the defendant to recover damages arising out of the defendant's

refusal to convey certain premises located at and known as 4892 Lipps Avenue, Chicago, and said action is based upon the following document:

"Chicago, September 19, 1925.

"Received of Julian Kazanowski $200.00 deposited on sale of property at 4892 Lipps Avenue. Balance $6800.00.

(Signed) Guiseppe Marinello."

To the declaration the defendant filed certain pleas, and the case was tried in the superior court of Cook county before a jury, which resulted in a verdict for the defendant, and a judgment was entered by the court upon said verdict after a motion for a new trial and in arrest of judgment was overruled. Thereupon the plaintiff appealed from said judgment and the case is now before this court.

The facts as claimed by the plaintiff are that the defendant Guiseppe Marinello was, on September 19, 1925, the owner of the premises known as 4892 Lipps Avenue, Chicago; that on that date Julian Kazanowski, a licensed real estate broker, with an office at 4864 Milwaukee Avenue, was agent for the plaintiff; that the principal's name was not disclosed at the time Julian Kazanowski stated to the defendant that he wished to buy his property and he was told that the price for the property would be $7,000, if it were a cash deal, and $7,500, if sold on payments; that Kazanowski then advised the defendant that he did not know how his client would handle the property, whether on a cash or payments basis, but that he would find out and advise the defendant; that he then called the following day; that the defendant was not at home and he called again on Sunday, September 25, 1925, and stated to the defendant that his client would pay cash for the property, and paid him $200 as earnest money to apply on the purchase price, which was accepted and has since been retained by the defendant; that the defendant then told Kazanowski not to tell

anyone for a couple of days that he had sold the property, and that thereupon the receipt, which is already fully set forth, was executed by the defendant. Shortly thereafter Kazanowski signed and executed an assignment, transferring to the defendant all his right title and interest in and to the said premises, which assignment is as follows:

"Chicago, September 19, 1925.

"Received of Julian Kazanowski $200 deposited on sale of property at 4892 Lipps Avenue. Balance $6800.00; together with the right to receive a conveyance of the property in said receipt described, located at No. 4892 Lipps Avenue, Chicago, Illinois, upon payment of the balance of the purchase price of $6800.00 as in said receipt set forth, together with all claim of the said undersigned, Julian Kazanowski, at law or in equity against the said Guiseppe Marinello for breach of said contract.

"Witness the hand and seal of the said assignor this 24th day of September, 1925.

Julian Kazanowski (Seal)"

Sometime after the date of the signing of the receipt, the defendant told Kazanowski that he would not sell the premises. It also appears that the plaintiff on September 19, 1925, was ready, able and willing to complete the purchase by paying the balance of the purchase price upon the defendant delivering to him a warranty deed to said premises, but that the defendant never performed.

The defendant insists that the facts are that he told Kazanowski that he could not sell the property; that he had given Milner & Katt an exclusive option and that it would not expire for three or four days; that the following Sunday, September 19, 1925, when Kazanowski called again, he exhibited the option of Milner & Katt to him, and that Kazanowski then told the defendant he wanted the property, and to show that he

was in earnest he would deposit $200 on the sale, and that the defendant could sign a receipt, and if Milner & Katt went through with their option he could return the check and he would get the receipt; that the option was exercised by Milner & Katt, and thereupon the defendant went to the home of Kazanowski, tendered the check to him, asked for the receipt and was told that the receipt was at Kazanowski's office. The defendant was asked to return, which he did that evening and again tendered the check to Kazanowski, asked for the receipt and was told that the plaintiff had it.

The plaintiff contends that by the defendant's refusal to carry out his contract and convey the premises he is entitled to damages, being the difference between the sale price and the market value thereof at the time of the sale; that there is evidence in the record on the question of damages testified to by witnesses produced by both the plaintiff and the defendant.

The plaintiff is insistent that a principal can maintain an action on a written contract made by his agent in his name, notwithstanding the name of the principal is not disclosed. This is admitted by the defendant, except that the principal could not maintain his action if the receipt in question was not sufficient to take the case out of the provisions of the statute of frauds, and that in the case at bar the real party was the plaintiff and that his name does not appear in the receipt, and the receipt should not have been received in evidence for the reason that the plea of the statute of frauds had been interposed by the defendant. The reasonable construction of this instrument is that it is an agreement by the defendant to convey to Kazanowski the title to the premises upon the payment of the balance of the purchase price. Said agreements are assignable and carry with them the rights and remedies that exist in the assignor, and the plaintiff in this suit can maintain

this action on this contract. *Moore v. Gariglietti,* 228 Ill. 143.

In *Stein v. McKinney,* 313 Ill. 84, cited by the defendant, the Supreme Court held that the agent Bradstreet could not bind his principal McKinney to sell to Stein when the written authority given by McKinney to Bradstreet was to enter into a contract to sell to a man by the name of Seyfarth. This opinion does not modify or change the rule announced in the case of *Moore v. Gariglietti, supra,* that contracts of the kind we have under consideration are properly assignable.

The plaintiff contends that the trial court erred in allowing evidence to be introduced by the defendant over the objection of the plaintiff, which plaintiff insists tended to vary the terms of the written instrument in evidence, by showing that the receipt would not be binding under certain conditions, which terms were not embodied in the instrument itself. The evidence of the defendant was to the effect that the delivery to Kazanowski was conditioned not to take effect until the exclusive option that the defendant had given to Milner & Katt had expired, and that if Milner & Katt exercised this option, upon the return of the $200 deposited by Kazanowski he would return the written receipt; that Milner & Katt did exercise said option and the defendant made tender of the $200, but that he did not receive said written instrument by Kazanowski, who stated that the plaintiff had it. The rule that evidence is not admissible to change or qualify an unconditional written promise by a contemporaneous parol agreement is a recognized rule, and is so generally established and universally recognized by the courts that it is not necessary to quote from or cite authorities upon that question; but evidence is admissible to show that a written document was not intended to take effect as a valid agreement until the occurrence

of some future contingency, and is admissible between the original parties and between them and those taking with notice. Such evidence does not contradict or vary the terms of the writing, but tends to show that the document was never delivered· as a present contract. The possession of a contract unexplained is presumptive evidence of its delivery. The Supreme Court in *Bell v. McDonald,* 308 Ill. 329, has established the rule that the delivery of a written document upon condition does not make it operative until the condition has been complied with. Evidence of such conditional delivery does not alter or vary the terms of a contract. We are of the opinion that the evidence offered is admissible and only tends to show a conditional delivery by·the defendant to the agent of the plaintiff. In the case of *Bell v. McDonald, supra,* the Supreme Court in passing upon the question of conditional delivery uses this language:

"It is argued on behalf of the appellant that the statement in the pleas that the instruments were delivered only as collateral security for the stock powder to be sold and were to be held by the payee and surrendered when the amount for which the stock powder was sold was collected by the payee is only an attempt to change and qualify the unconditional written promises by a contemporaneous parol agreement, in violation of the general rule that an instrument absolute on its face cannot be shown by parol to be conditional. While this is a recognized rule of general application, yet evidence that the instrument was not intended to take effect as a valid obligation until the occurrence of some future contingency is usually held admissible between the original parties and between them and those taking with notice. Such evidence, it is held, does not contradict the terms of the writing or vary its legal import but tends to show that it was never delivered as a present contract. The possession of a contract

unexplained may be presumptive evidence of its delivery, and under such circumstances no alteration of the terms of the contract could be shown, but until the delivery the writing is inoperative, and the delivery upon condition does not make it operative until the condition has been complied with. Evidence of such conditional delivery does not alter or vary the contract.''

And in its opinion the court quotes the language used in *Jordan v. Davis,* 108 Ill. 336, as follows:

''Delivery of a written contract is indispensable to its binding effect, and such delivery is not conclusively proved by showing the placing of the paper by the alleged contracting party in the hands of the other. Delivery is a question of intent, and it depends whether the parties at the time meant it to be a delivery to take effect presently.''

Complaint is made by the plaintiff that the court erred in giving to the jury the following instruction:

''The Court instructs the jury that a contract for the sale of land must definitely point out the land to be conveyed or furnish the means of identifying the land with certainty, and if you believe from the evidence that the following contract: 'Chicago, September 19, 1925. Received of Julian Kazanowski $200 deposited on sale of property at 4892 Lipps Avenue. Balance $6800.00. (Signed) Guiseppe Marinello,' fails in either of these respects, you must find the defendant not guilty,'' and it is contended that the instruction left to the jury the question of the construction of a written instrument, which is a question of law for the court. It is for the court to instruct the jury what the law is that applies to the facts to be considered by the jury, and it would be erroneous to leave it to the jury to determine what the circumstances were which would entitle the party to recover, and thereby

pass upon questions of law, as well as of fact. *Ellwood Mfg. Co. v. Faulkner,* 87 Ill. App. 294.

This instruction first tells the jury that a contract for the sale of land must definitely point out the land to be conveyed or furnish the means of identifying the land with certainty; and second, that if the jury believe from the evidence that the contract fails in either of these respects the jury must find the defendant not guilty. This instruction leaves it for the jury to determine whether the contract is sufficiently specific to be an enforceable one, which the jury is to gather from the facts and to determine under what circumstances the defendant is or is not guilty.

This instruction is bad in that the jury is to pass upon both questions of law and of fact. It is for the court to construe the contract, and if the contract is not sufficiently specific to be enforceable this must be decided by the court as a question of law.

There are other questions in this record, but in view of the conclusions that we have reached it will not be necessary for us to determine those questions, but reverse this case upon the ground we have indicated. The judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

WILSON, P. J., and FRIEND, J., concur.