Edward A. Lee and Earl L. Green, CoPartners, d/b/a Lee-Green & Company, Plaintiffs-Appellees, v. Edward Juhlin and Anna M. Juhlin, Defendants-Appellants.

Gen. No. 47,813.

First District, Third Division.

April 6, 1960.

221

Marvin J. Peters, of Chicago, for defendants-appellants.

Elmer Gertz and Irwin S. Baskes, of Chicago, for plaintiffs-appellees.

PRESIDING JUSTICE BRYANT delivered the opinion of the court.

This is a complaint for real estate commissions alleged to have been earned for the sale of property owned by defendants. It involves the sufficiency of the pleadings and affidavits supporting the summary judgment. The appellants filed an amended answer wherein they set forth:

"11. . . . on the 5th day of July, 1956, defendants entered into a real estate contract for the sale of their

property at 8010 South Rhodes Avenue, Chicago, Illinois, with a certain Mr. and Mrs. Charles Kimbrough, said contract contingent upon said Mr. and Mrs. Kimbrough obtaining financing within twenty-one (21) days from said contract date and, further, that plaintiffs and/or plaintiffs' agent had full knowledge of this outstanding contract and its terms.

"12.  That plaintiffs, individually or by and through their agent, fraudulently represented unto defendants that they had personal knowledge of the inability of Mr. and Mrs. Kimbrough to obtain or secure the necessary financing needed in the aforementioned sales contract.

"13.  That on the 22nd day of July, 1956, plaintiffs, or their agent, presented to defendants, a certain real estate contract representing the offer of a certain John McJimpsey and Helen D. McJimpsey to purchase defendants property, said contract being dated July 3, 1956 for Twenty Three Thousand ($23,000.00) dollars subject to the ability of the McJimpseys to secure financing within forty (40) days in the aggregate sum of Eighteen Thousand ($18,000.00) dollars.

"14.  That defendants accepted and executed the McJimpsey contract as presented by plaintiffs, or their agent, only after plaintiffs, or their agent, fraudulently represented to defendants that they would hold the McJimpsey contract and earnest money as signed by defendants in abeyance until the expiration of the twenty-one (21) days to obtain financing in the Kimbrough contract had lapsed and that contract became null and void.

"15.  That plaintiffs expressly agreed with defendants that in the event that the Kimbrough contract could be performed, that the McJimpsey contract would be waived, abandoned and rescinded and that the plaintiffs would return the earnest money deposit to the McJimpseys.

223

"16. That on, to-wit, the 24th day of July, 1956, defendants gave and plaintiffs received notice that the Kimbrough contract could and would be completed and it was further expressly agreed by and between defendants, plaintiffs and the McJimpseys that the McJimpsey contract be waived, abandoned and rescinded and same was done, as well as plaintiffs returning to McJimpseys their earnest money deposit.

"17. That plaintiffs [sic], at all times mentioned herein, were elderly and physically ill persons and completely inexperienced in business matters, and completely relied and believed in plaintiffs or plaintiffs' agents representations as heretofore set forth and plaintiffs or plaintiffs' agents were the sole scrivener and fraudulently induced defendants to accept and execute the McJimpsey contract."

Thereafter, on June 17, 1958, the court entered the following order:

"This matter coming on to be heard on Plaintiffs' Motion to Strike amended answer, defense and counter-claim to Plaintiffs' amended Complaint at Law, the Court, having heard the arguments of counsel and being fully advised in the premises:

"It is hereby ordered that Plaintiffs said Motion to Strike Amended Answer, Defense and Counter-claim be and it is hereby sustained except as to paragraphs 1, 2, 7, 8, and 13 of said Amended Answer; only as to said paragraphs 1, 2, 7, 8 and 13 is said Motion of Plaintiffs overruled.

"It is further ordered that Defendants be and they are hereby denied leave to file any amended defense and counter-claim.

"It is further ordered that Plaintiffs be and they are hereby given leave to reply to those portions of the Amended Answer not stricken within twenty days from this date."

224

Subsequent thereto, the affidavit of the plaintiff-appellee Edward A. Lee was filed and plaintiffs moved for summary judgment. In the summary proceedings defendant Edward Juhlin and Anna M. Juhlin filed their affidavit, which is as follows:

"1. That on or about the 3rd day of July, 1956, the Defendants were the owners of certain real estate located at 8010 South Rhodes Avenue, Chicago, Illinois.

"2. That on the 5th day of July, 1956, the Defendants entered into a real estate contract for the sale of their said property with a certain Mr. & Mrs. Charles Kimbrough, said contract being contingent upon the said purchasers obtaining financing within twenty-one (21) days from the date of said contract.

"3. That on the 22nd day of July, 1956, the Plaintiffs presented to Defendants a certain real estate contract executed by John McJimpsey and Helen D. McJimpsey to purchase Defendants' property for $23,000 subject to the purchasers securing a mortgage commitment within forty (40) days from the date of said contract in the amount of $18,000.00, said contract bearing the date of July 3, 1956.

"4. That Defendants at that time being the date of July 22, 1956, informed the Plaintiffs that they had already executed a contract on July 5, 1956 with a certain Mr. & Mrs. Charles Kimbrough, said contract being contingent upon the said purchasers obtaining financing within twenty-one days from the date of their said contract.

"5. That said Plaintiffs then told the Defendants that Mr. & Mrs. Charles Kimbrough would be unable to secure an adequate mortgage commitment, but that if the said Mr. & Mrs. Charles Kimbrough did secure adequate mortgage commitment, and if their said contract was consummated and completed, the McJimpseys' contract would be abandoned and rescinded and

that the Plaintiffs would return the earnest money to the McJimpseys.

"6. That on the 24th day of July, 1956, Defendants notified Plaintiffs that the said Mr. & Mrs. Charles Kimbrough had secured an adequate mortgage contract and that the said property would be sold to said Mr. & Mrs. Charles Kimbrough under the contract with them bearing the date of July 5, 1956.

"7. That the Plaintiffs then refused and neglected to return said earnest money to the McJimpseys and that Defendants caused to be ordered a preliminary report of title from Chicago Title and Trust Company, and said report of title when received by Defendants showed that on July 23, 1956 Plaintiffs had caused the McJimpseys contract to be recorded in the Recorder's Office of Cook County, Illinois, as Document #16646708.

"8. That on July 28, 1956, the McJimpseys entered into a contract, said contract having been negotiated by Plaintiffs for the purchase of real estate located at 8043 St. Lawrence Avenue, Chicago, Illinois, and said contract provided for the payment of a broker's commission to Plaintiffs.

"9. That thereafter on August 31, 1956, the Plaintiffs caused to be recorded in the Recorder's Office in Cook County, Illinois as Document #16686843, an affidavit claiming a lien on said real estate located at 8010 South Rhodes Avenue, Chicago, Illinois, in the amount of $1,150.00."

The plaintiffs' motion to strike the answer and affidavit of defendants in response to plaintiffs' motion for summary judgment was filed and the judgment order entered on April 13, 1959, was as follows:

"This matter duly coming on to be heard on Plaintiffs' Motion for Summary Judgment, and the Court having before it the entire file herein and having heard

226

arguments of counsel and being fully informed and finding that Summary Judgment should be entered as prayed.

"It is Ordered that the Plaintiffs, Edward A. Lee and Earl L. Green, co-partners, d/b/a Lee-Green & Company take judgment and recover against the Defendants Edward Juhlin and Anna M. Juhlin in the sum of $1,150.00 and that execution issue of said Defendants as at common law."

It is from this judgment order that the appeal is taken. ■■■■ Sections 77 and 78 of the Civil Practice Act, [Ill Rev Stats 1959, c 110, §§ 77, 78], provide for limited appeals from orders granting a new trial and interlocutory orders concerning injunctions and receivers. All other appeals may be taken only from final judgments, orders or decrees. See Sec. 77 of the Civil Practice Act. An order striking part of an answer, as in the instant case, is an interlocutory order and not appealable. The appeal from the summary judgment brings up the entire record for review and correction of any erroneous action of the trial court which is properly preserved. Plaintiffs assume that the order striking part of defendants' amended answer so narrowed the issues that at the time of the entry of the summary judgment the sole question before the trial court was whether the plaintiffs were able to secure for the purchaser a commitment for sufficient financing in the amount of $18,000 within 40 days. On this appeal the defendants have the right to urge that the court erred in striking the defense set up in their amended answer.

■■ We therefore turn to the contention of defendants that the agreement with plaintiffs, which they plead in their amended answer and which is reiterated in the answer to plaintiffs' motion for summary judgment, states a valid defense. Plaintiffs say that

the stricken defense violates the parol evidence rule. The stricken part of the amended answer avers a parol agreement between plaintiffs and defendants made at the time of the delivery of the written contract, that the latter was to take effect upon the failure of the parties to the first contract to perform, that the parties to the first contract did perform, and that consequently, the contract with plaintiffs did not become effective. See Bell v. McDonald, 308 Ill. 329, 336; Sugar v. Marinello, 260 Ill. App. 85, 90; Weissbrodt v. H. W. Elmore & Co., 262 Ill. App. 1, 14; Illinois National Bank & Trust Co. v. Holmes, 311 Ill. App. 286. On the motion for summary judgment it was the duty of the trial court to consider the prior pleadings and the correctness of the rulings thereon. In our opinion the court erred in striking the defendants' amended answer and counterclaim except certain paragraphs and in subsequently entering a summary judgment against defendants.

The judgment is reversed and the cause is remanded with directions to proceed in a manner consistent with these views.

Reversed and remanded with directions.

BURKE and FRIEND, JJ., concur.