**Angeline Gleneke, Administrator of the Estate of John Tynus, Deceased, Plaintiff-Appellee, v. Henry Lesny and Antoinette Lesny, Defendants-Appellants.**

**Gen. No. 53,242.**

First District, First Division.

October 30, 1970.

Rehearing denied November 23, 1970.

Edelstein and Lewis, of Chicago (Sherman L. Lewis, of counsel), for appellants.

S. J. Krzeminski, of Chicago, for appellee.

MR. JUSTICE ADESKO delivered the opinion of the court.

Plaintiff, Angeline Gleneke, administrator of the estate of John Tynus, brought an action to confess judgment on a promissory note jointly executed by the defendants Antoinette Lesny and her son, Henry Lesny, payable to the intestate decedent, John Tynus. After the judgment was opened up by affidavit, the cause proceeded to trial and the judgment was confirmed. Defendants appeal on the ground that the trial judge ruled incorrectly in barring one of the defendants from testifying in his own behalf by reason of the provisions of the Dead Man's Statute, Ill Rev Stats 1967, c 51, § 2. The sole issue presented for review is whether the plaintiff administrator waived her right to object under the Dead Man's Statute to the incompetency of defendants at trial by her failure to object to the incompetency of the defendants at the time of the presentation by the defendants of their original and amended affidavits in support of their motion to open up the judgment by confession entered against them.

Plaintiff-administrator, Angeline Gleneke, confessed judgment on a promissory note on October 19, 1966, for the sum of $4,726.12, which included principal, interest, and attorney's fee. On December 7, 1966, defendants, the sister and nephew of the deceased, John Tynus, filed an affidavit pursuant to Ill Rev Stats 1967, c 110A, § 276, in support of their motion to open the judgment

entered by confession. That affidavit states that they have a good and meritorious defense to plaintiff's action "in that the obligation sued on was (orally) rescinded by the mutual assent of the parties thereto." Their amended affidavit, filed January 30, 1967, alleges that "in reliance on said rescission Henry Lesny and Antionette Lesny provided John Tynus without further charge, room, board, linens, laundry service, and telephone service from September 1958, until the date of his death in May 1964." Neither affidavit alleges that affiants, if sworn as witnesses, could testify competently at trial. Plaintiff filed no counteraffidavits and made no motion to strike defendants' affidavits. Defendants contend that the failure of plaintiff to object to defendants' affidavits is a waiver of the application of the Dead Man's Statute to defendants as witnesses at trial.

The Dead Man's Statute renders a party or interested person incompetent to testify "of his own motion or in his own behalf" against a protected party "unless called as a witness" by the protected party. (Ill Rev Stats 1967, c 51, § 2.) Defendants, parties to the suit, contend that the plaintiff's failure to object to their incompetency at the time of the presentation of their affidavits is "calling" them as witnesses within the statute and hence involves waiver. While this court has not decided this specific question, we have held that taking the deposition of an incompetent party is not "calling" him within the statute and hence involves no waiver. Pink v. Dempsey, 350 Ill App 405, 113 NE2d 334 (1953).

Ill Rev Stats 1967, c 110A, § 276, prescribes the procedure for opening a judgment by confession:

"A motion to open a judgment by confession shall be supported by affidavit in the manner provided by rule 191 for summary judgment, and shall be accompanied by a verified answer which defendant proposes to file. If the motion and affidavit disclose a prima facie defense on the merits to the whole or a part of the plaintiff's demand, the court shall set the motion for hearing. The plaintiff may file counteraffidavits, if, at the hearing upon the mo-

tion, it appears that the defendant has a defense on the merits to the whole or a part of the plaintiff's demand and that he has been diligent in presenting his motion to open the judgment the court shall sustain the motion either as to the whole of the judgment or as to any part thereof as to which a good defense has been shown, and the case shall thereafter proceed to trial upon the complaint, answer, and any further pleadings which are required or permitted. . . ."

 Pursuant to this statute, a court is to determine only whether the motion to open a judgment and the affidavits filed in support thereof disclose a prima facie defense. Murray v. Korshak, 52 Ill App2d 119, 201 NE2d 737 (1965). The court is not authorized to try the merits of the case on affidavits, for such a course would be an encroachment upon the right to trial by jury. Gilchrist Transp. Co. v. Northern Grain Co., 204 Ill 510, 513, 68 NE 558 (1903). The only question for a court to decide is whether from the motion to open judgment it appears that the defendants have a defense which entitles them to a trial on the merits. National Blvd. Bank of Chicago v. Corydon Travel Bureau, Inc., 95 Ill App 2d 281, 285, 238 NE2d 81 (1968). Consequently, the affidavits of defendants filed in support of their motion to open judgment by confession are in the nature of pleadings of defense to plaintiff's action and not evidentiary in nature. It is well settled that affidavits constitute part of the pleadings. Healey v. Charnley, 79 Ill 592 (1875). Since said affidavits are pleadings and not evidentiary, failure of plaintiff to object to affidavits in which affiants did not allege that if sworn as witnesses they could testify competently at trial does not amount to a waiver of the application of the Dead Man's Statute to defendants as witnesses at trial.

Defendants cite various cases for the proposition that failure to object to the affidavits does amount to a waiver of the application of the Dead Man's Statute to defendants as witnesses. We need comment only on two of those cases. In Classen v. Heil, 330 Ill App 443, 71 NE2d 537 (1947), the court merely held that failure of the plain-

tiff to object to the defendant's affidavit at the time of its presentation constituted a waiver of the objection to the affidavit at a future date; it did not make the defendant a competent witness to testify at trial. In Karlos v. Pappas, 3 Ill App2d 281, 121 NE2d 611 (1954), the court merely affirmed an order opening judgment by confession where the fact that the person whose affidavit was filed was not a competent affiant was not brought to the attention of the trial court prior to the entry of such order. Neither case concerns waiver of incompetency of the witnesses at the trial of the issues.

We find that the plaintiff did not waive his objection to defendants' incompetency at trial and that the trial judge did not err in barring one of the defendants from testifying in his own behalf by reason of the provisions of the Dead Man's Statute. Therefore, the judgment of the Circuit Court of Cook County is affirmed.

Judgment affirmed.

BURMAN, P. J. and Murphy, J., concur.