OLIVE WOLTERS KUH, Plaintiff-Appellee, *v.* HENRY F. WILLIAMS *et al.*, Defendants-Appellants.

(No. 56942;

First District (5th Division)—July 27, 1973.

Gary H. Palm, of Legal Aid Bureau, of Chicago, (Robert H. Smith, Senior Law Student, of counsel,) for appellants.

Carl L. Klein, of Oak Lawn, for appellee.

Mr. JUSTICE ENGLISH delivered the opinion of the court:

This is an action on a note brought by plaintiff, the payee, against defendants, the co-makers, wherein judgment was entered by confession. The default in payment was alleged to have occurred on September 15, 1964. Defendants' motion asking that the judgment be opened, that the proceedings be stayed, and that leave be given to file their answer was denied. Defendants appeal from that order.

Judgment was entered by confession on January 26, 1971. On April 27, 1971, defendants filed a motion to open the judgment alleging that the first notice they had of its entry was on or about February 24, 1971, when they received from their bank a copy of a garnishment summons which

had been served upon it. Defendants' motion further alleged that they had good and meritorious defenses to plaintiff's claim, in that: (1) there was no consideration given for the note in question; (2) defendants had been induced to sign the note when plaintiff represented to them that the note was a mere formality creating no obligation to pay; and (3) defendants were entitled to a counterclaim against plaintiff by way of a set-off for the reasonable value of services performed by defendant Henry Williams as an employee of plaintiff in her tavern. The motion to open the judgment was supported by an affidavit of each defendant asserting his or her personal knowledge of the facts alleged and was accompanied by a verified answer which defendants asked leave to file.

On April 27, 1971, plaintiff filed an answer to defendants' motion asserting that: (1) defendants had not been diligent as required by statute, as more than 60 days had elapsed since defendants first consulted with their attorney; (2) defendants had no defense on the merits and their counterclaim was barred by the Statute of Limitations; and (3) defendants had made three payments on the note after its execution.

Defendants' motion was placed on the contested motion calendar and set for argument on May 19, 1971, at which time, and again on October 18, 1971, counsel presented legal arguments in support of their respective positions. On the latter date, the trial court denied defendants' motion.

■■ Under Supreme Court Rule 276 (Ill. Rev. Stat. 1969, ch. 110A, par. 276), a motion to open a judgment by confession must be supported by an affidavit and accompanied by a verified answer which defendant proposes to file. This was done in the instant case. The rule further states that if the motion and affidavit disclose a prima facie defense on the merits to the whole or a part of plaintiff's demand, the court shall set the motion for a hearing. This also was done in the present case.

The rule goes on to provide:

> "If, at the hearing upon the motion, it appears that the defendant has a defense on the merits to the whole or a part of plaintiff's demand and that he has been diligent in presenting his motion to open the judgment, the court *shall* sustain the motion either as to the whole of the judgment or as to any part thereof as to which a good defense has been shown, and the case shall thereafter proceed to trial * * *." (Emphasis added.)

Rule 276 treats meritorious defenses and counterclaims differently, in that the rule further provides:

> "If a defendant files a motion supported by affidavit which does not disclose a defense to the merits but discloses a counterclaim against the plaintiff, and defendant has been diligent in presenting his motion, the trial court *may* permit the filing of the counter-

claim and to the extent justice requires may stay proceedings on the judgment by confession until the counterclaim is disposed of." (Emphasis added.)

Since, to succeed, defendants must have shown diligence in presenting their motion as regards either meritorious defenses or counterclaims, we shall first examine the issue of defendants' diligence.

■■■ Judgment was confessed on January 26, 1971. Defendants first had notice thereof on February 24, 1971, when they received a copy of a garnishment summons which had been served upon their bank. The motion to open the judgment was filed on April 27, 1971. Although the time between the entry of the judgment and the filing of the motion to open was three months, there was a lapse of only two months from the time of actual notice of the judgment until the motion to open was filed. We find that such a two-month period does not show defendants so lacking in diligence as to justify barring them from asserting their alleged meritorious defenses and counterclaim. And this we believe to be especially true when, as in the instant case, a postponement of two months, as it were, could not have been prejudicial to plaintiff, since she, herself, had not brought suit on the note until six years after defendants' alleged default. See *Alter & Associates, Inc. v. Zylvitis*, 36 Ill.App.2d 195, 183 N.E.2d 750, where the court found no lack of diligence in the filing of a motion to open a judgment four and a half months after its entry. The reason stated, which we consider sound in both law and public policy, was that the question of a meritorious defense is of more importance than the question of defendant's diligence or lack thereof in moving to open the confessed judgment.

Since we find that defendants' action was not lacking in diligence, it remains only to be determined whether allegations of a meritorious defense or a valid counterclaim were presented.

■■■ In determining whether allegations of a meritorious defense have been presented, the court must accept as true those facts asserted by defendants in their affidavits. (*National Blvd. Bank v. Corydon Travel Bureau*, 95 Ill.App.2d 281, 238 N.E.2d 81.) This being the case, we find that defendants' motion, as supported by their affidavits, raised two meritorious defenses. They denied not only that they had received consideration for the note, but also asserted that they had been induced by plaintiff to sign the note as a mere formality. Want of consideration and fraud in obtaining the execution of an instrument are both valid statutory defenses to an action upon a note. See Ill. Rev. Stat. 1969, ch. 98, pars. 10 and 11.

■■■ Plaintiff filed a verified answer to defendants' motion to open, but the allegations in such an answer cannot properly be considered in

ruling upon defendants' motion, since a court is to determine only whether the motion and supportive affidavits disclose a prima facie defense. The trial court may not try the merits of the case on the affidavits or counter-affidavits as such a procedure would encroach upon the right to trial by jury. *Gleneke v. Lesny*, 130 Ill.App.2d 116, 264 N.E.2d 803; *Larsh v. Green Gold Farms, Inc.*, 68 Ill.App.2d 113, 214 N.E.2d 924.

As to the counterclaim, defendants alleged that they were entitled to set off against plaintiff's claim the reasonable value of services rendered by defendant Henry Williams to plaintiff from about 1955 to about 1960. Plaintiff argues that this counterclaim is barred by the Statute of Limitations.

■■■ It is true that if defendants had brought a separate suit for the reasonable value of such services, the action would be barred by Ill. Rev. Stat. 1969, ch. 83, par. 16, which allows for the commencement of a civil cause of action on an unwritten contract only within five years of the time it accrued. However, section 18 specifically provides a different limitation if such a claim is asserted by way of a counterclaim. That section reads:

> "Set-off or counter claim.
>
> A defendant may plead a set-off or counter claim barred by the statute of limitation, while held and owned by him, to any action, the cause of which was owned by the plaintiff or person under whom he claims, before such set-off or counter claim was so barred, * * *."

That section was applied by the court in *Carnahan v. McKinley*, 80 Ill. App.2d 318, 224 N.E.2d 297, in holding that a set-off or counterclaim can be pleaded as long as it was not barred by the appropriate statute of limitations at the time the principal cause of action first accrued to plaintiff. Here, plaintiff's cause of action is alleged to have accrued as of September 15, 1964. With that date as the measuring point, defendants' counterclaim for services prior to September 15, 1959, would be barred, but the amount claimed for services rendered thereafter could still form a basis for set-off.

■■■ If a proper counterclaim is asserted and defendant had been diligent in so doing, the court has the statutory discretion to open a judgment by confession to permit its filing. In the instant case, we have found that a proper counterclaim was diligently presented, and conclude that the trial court abused its discretion in refusing to permit it to be filed. However, even if there had been no abuse of discretion in regard to the filing of the counterclaim, defendants diligently raised two meritorious defenses, and, once raised, the court had no discretionary authority, but was required to allow the motion to open judgment and proceed

to trial. (Ill. Rev. Stat. 1969, ch. 110A, par. 276 (quoted above); *Scheinfeld v. Muntz TV, Inc.*, 67 Ill.App.2d 8, 214 N.E.2d 506.) We therefore find that the trial court erred in denying defendants' motion to open the judgment by confession.

Defendants' motion to strike plaintiff's brief, which was taken with the case, is denied.

The judgment of the Circuit Court is reversed and the cause is remanded with directions to open the judgment and proceed to trial.

Reversed and remanded with directions.

DRUCKER, P. J., and LORENZ, J., concur.