JOSEPH PASSANANTE *et al.*, Plaintiffs-Appellees, *v.* JOHN W. CALLIER, Defendant-Appellant.

First District (5th Division)   No. 77-1250

Opinion filed June 23, 1978.

Gerald Eisen and Michael Cohen, both of Niles, for appellant.

Brandel, Olson, Johnson and Erickson, of Northbrook, for appellees.

Mr. JUSTICE WILSON delivered the opinion of the court:

Plaintiffs originally brought this suit against defendant for breach of a real estate contract. After filing their complaint, plaintiffs filed a motion for judgment by confession on a $10,000 promissory note signed by defendant as a portion of his earnest money on the contract. No order was entered on this motion. Thereafter plaintiffs filed an amended complaint asking for relief in two counts: (I) confession of judgment on the $10,000 promissory note and (II) judgment in the sum of $8,000, the amount of defendant's personal check, returned for insufficient funds. On January 3, 1977, a judgment by confession was entered in plaintiffs' favor in the amount of $10,742.48 including interest and attorney's fees. On February 25, 1977, defendant filed an answer to plaintiffs' amended complaint, substantially denying the allegations contained therein, but admitting that the contract, note and check were executed in Cook County. Defendant also moved to vacate or open the judgment by confession alleging that defendant had acted with due diligence and that he had a meritorious defense to plaintiffs' claim. Ill. Rev. Stat. 1977, ch. 110A, par. 276.

Subsequently, defendant filed an amendment to his motion to vacate or open the judgment and attached an affidavit in support thereof. Plaintiffs made a motion for confirmation of judgment by confession on March 14, 1977. On May 10, 1977, defendant filed a further affidavit and on May 20, 1977, plaintiffs filed three counteraffidavits. One week later defendant filed a second amendment to his motion to vacate. On the same day, after

hearing arguments, the trial judge entered an order denying defendant's motion to vacate or open and granting plaintiffs' motion for confirmation of judgment by confession. Defendant contends on appeal that the trial court erred in denying his motion since he had several meritorious defenses to plaintiffs' claim.

We reverse the judgment of the trial court.

■■ Because of our disposition of this matter, we need only consider one of the defenses raised by defendant. Furthermore, as is the procedure with motions to vacate judgments by confession, in order to determine whether a meritorious defense has been presented, we must accept the facts asserted in defendant's pleadings and affidavits as true and may not consider the allegations contained in plaintiffs' counteraffidavits. (*Ritz v. Karstenson* (1976), 39 Ill. App. 3d 877, 350 N.E.2d 870; *Bayles v. Bennett* (1974), 22 Ill. App. 3d 144, 316 N.E.2d 792; *Lewis v. Palmer* (1974), 20 Ill. App. 3d 237, 313 N.E.2d 656; *Kuh v. Williams* (1973), 13 Ill. App. 3d 588, 301 N.E.2d 151.) Consequently, we will set forth only those facts which defendant alleges support his contention that at the point in time he signed and gave the contract and note to the real estate broker, he did not intend to enter a contract.

On September 14, 1976, defendant through Mill Lane Realty, a real estate broker, made an offer in writing to purchase the residence of plaintiffs for the sum of $180,000 and gave $18,000 as an earnest money deposit including the promissory note in issue and his personal check for $8,000. The broker presented the offer to plaintiffs who crossed out the price of $180,000, inserted the price of $183,000 in its stead, placed their initials alongside the new price, signed it and returned it to the broker. On September 17, 1976, the broker presented the sales contract to defendant who placed his initials alongside those of the plaintiffs. According to defendant, he told the broker before he initialed the contract that he wanted to check with his employer to determine how soon he would receive a contemplated raise and whether his employer could help him obtain the necessary financing. The broker told defendant that she would not deliver the contract to the sellers nor collect the note until defendant notified her. Defendant notified the broker four days later that the financing and proposed raise would not be forthcoming. At that time, the broker told him that she had already delivered the contract to plaintiffs and that they had accepted. The note was not paid on its September 29, 1976, due date and the personal check of defendant was returned by the bank due to insufficient funds.

Supreme Court Rule 276 (Ill. Rev. Stat. 1977, ch. 110A, par. 276), which provides for opening of judgments by confession states in pertinent part:

"A motion to open a judgment by confession shall be supported by affidavit in the manner provided by Rule 191 for summary

judgments, and shall be accompanied by a verified answer which defendant proposes to file. If the motion and affidavit disclose a prima facie defense on the merits to the whole or a part of the plaintiff's demand, the court shall set the motion for hearing. The plaintiff may file counteraffidavits. If, at the hearing upon the motion, it appears that the defendant has a defense on the merits to the whole or a part of the plaintiff's demand and that he has been diligent in presenting his motion to open the judgment, the court shall sustain the motion either as to the whole of the judgment or as to any part thereof as to which a good defense has been shown, and the case shall thereafter proceed to trial upon the complaint, answer, and any further pleadings which are required or permitted."

■■ ■ Although we must accept the allegations of defendant as true, Supreme Court Rule 276 requires that the motions and affidavits must nevertheless be closely scrutinized to determine whether a prima facie defense has been pleaded. (*Lewis v. Palmer* (1974), 20 Ill. App. 3d 237, 313 N.E.2d 656.) A defense on the merits is one that "depends on the inherent justice of the defendant's contention as shown by substantial facts." (*Turner v. Smiley* (1972), 8 Ill. App. 3d 388, 391, 291 N.E.2d 27, 29.) Furthermore, the facts must be ones that would be admissible as evidence in a trial on the merits. *Lewis v. Palmer* (1974), 20 Ill. App. 3d 237, 313 N.E.2d 656.

■■ In the instant case, we find that the above requirements have been satisfied. Plaintiffs contend that the parol evidence rule would preclude any testimony on the defense raised by defendant since it would be an attempt to modify the unambiguous language of their contract. However, defendant has substantially pleaded the elements of conditional delivery which is an exception to the parol evidence rule. *Lee v. Juhlin* (1960), 25 Ill. App. 2d 221, 166 N.E.2d 459.

As stated by the court in *Hall v. Humphrey-Lake Corp.* (1975), 29 Ill. App. 3d 956, 961, 331 N.E.2d 365, 370:

"[A] writing sufficient to comply with the requirements of the Statute of Frauds is neither necessarily nor presumptively a valid contract (3 Williston on Contracts §448 (3rd ed. 1961)), but only evidence of one. The instrument does not conclusively prove its own character and validity. In every case it is a question of fact whether the parties adopted a writing as their agreement and it may always be shown by parol that writing, however complete on its face, was never executed or delivered as a contract. 4 Williston on Contracts §634 (3rd ed. 1961); 3 Corbin on Contracts §577 (1960); *Kilcoin v. Ortell* (1922), 302 Ill. 531, 135 N.E. 16."

■■ In the instant case, defendant's alleged oral agreement with the

broker is admissible to show that a written document was not intended to take effect until the occurrence of a contingency, namely the notification to the broker that defendant could obtain financing and a raise from his employer. Such evidence would not contradict or vary the terms of the writing but tends to show that defendant did not intend for the document to be delivered as a contract. *Sugar v. Marinello* (1931), 260 Ill. App. 85. See also *Haas v. Cohen* (1973), 10 Ill. App. 3d 896, 295 N.E.2d 28; *Lee v. Juhlin* (1960), 25 Ill. App. 2d 221, 166 N.E.2d 459.

■■ Plaintiffs further contend that defendant's allegations of conditional delivery are negated by his judicial admission that he executed the contract. Although there is case authority that the legal meaning of execution contemplates that a document has been unconditionally delivered (*Coen v. American Surety Co.* (8th Cir. 1941), 120 F.2d 393, *cert. denied* (1941), 314 U.S. 667, 86 L. Ed. 534, 62 S. Ct. 128; *Illinois National Bank & Trust Co. v. Holmes* (1941), 311 Ill. App. 286, 35 N.E.2d 823), there is some dispute as to what defendant meant when he admitted to having executed the contract.

An analogous situation arose in *Castle v. Hulcher* (1974), 20 Ill. App. 3d 11, 312 N.E.2d 836, where defendant admitted that he and others had executed a lease. The issue before the court centered on what was intended to be plaintiff's interest under the lease. In considering the effect to be given to defendant's admission the court said:

> "What was the purpose in mind when Castle was named a co-lessee, and what do the statements and actions of the parties indicate his interest was intended to be? Castle maintains that these questions cannot be explored since Hulcher has made a judicial admission of the existence of the lease and its contents. We do not agree. There is no magic in a judicial admission. It is simply a way of saying that one should not be permitted to refute something which it can be proved he has admitted. In this case Hulcher admitted the existence and the language of the lease. Beyond that he admitted nothing and it is obvious that substantial disagreement exists over the meaning of the lease." (20 Ill. App. 3d 11, 14, 312 N.E.2d 836, 838.)

Similarly, in the instant case we believe that defendant's admission does not bar his right to present the defense of conditional delivery. Rather, the admission may be utilized as a factor for the trial court to consider, once defendant is afforded the opportunty to proceed to a trial on the merits.

We also note that there are further matters for the judge to consider during the trial of this cause such as whether the real estate broker was defendant's or plaintiffs' agent during this stage of the transaction. If she were defendant's agent, then, in the absence of fraud, her delivery to plaintiffs would be binding on defendant.

■■ Although we make no determination as to the merits of his defense, we believe a prima facie defense has been pleaded. In a confession of judgment proceeding, the court may not decide the merits of the case on the relative strength of the parties' affidavits. (*Gleneke v. Lesny* (1970), 130 Ill. App. 2d 116, 264 N.E.2d 803.) Accordingly, defendant should be afforded a trial on the merits of his case.

The judgment of the trial court denying defendant's motion to open or vacate the judgment by confession and granting plaintiffs' motion for confirmation of judgment by confession is reversed, and the cause remanded to the trial court with directions to vacate the judgment and proceed to a trial on the merits.

Reversed and remanded with directions.

SULLIVAN, P. J., and MEJDA, J., concur.