GROMER, WITTENSTROM & MEYER, P.C., Plaintiff-Appellee, v. WARREN E. STROM, Defendant-Appellant.

Second District    No. 2—84—1071

Opinion filed January 17, 1986.

Mark T. Schuster, of Strom, Schuster & McCarty, of Elgin, for appellant.

H. Greg Meyer and Clarence F. Wittenstrom, Jr., both of Gromer, Wittenstrom & Meyer, P.C., of Elgin, for appellee.

JUSTICE HOPF delivered the opinion of the court:

Defendant, Warren E. Strom, appeals from the trial court's denial of his motions to open judgment and to vacate judgment. Plaintiff, Gromer, Wittenstrom & Meyer, P.C., obtained a judgment by confession against defendant in the amount of $15,084.49 on a note executed by defendant and his two law partners at the time, Clarence F. Wittenstrom, Jr., and H. Greg Meyer. The note was executed on May 5, 1983, and was due in the amount of $23,000 to the First National Bank of Elgin on May 5, 1984. The note made each of the makers jointly and severally liable. Before the note became due, defendant withdrew from the partnership and the remaining two partners terminated the partnership and formed a corporation in the name of Gromer, Wittenstrom & Meyer, P.C. The corporation was formed on Jan-

uary 23, 1984, and Wittenstrom and Meyer were the sole shareholders. While defendant formally withdrew from the partnership on January 16, 1984, he suggested in his letter of withdrawal that the accounts from the partnership be settled by March 15, 1984, the date the partnership's lease expired.

No payments were made on the note until August 30, 1984, when Wittenstrom and Meyer drew $2,300 from the old partnership account of Gromer, Wittenstrom and Strom and sent it to the First National Bank of Elgin. The money was used to pay interest in the amount of $1,038.19, and the remaining amount reduced the balance due on the note from $23,000 to $21,738.19. On August 31, 1984, defendant sent a letter to his two former partners suggesting that he would be willing to pay one-half of the $24,000 note in return for a release and indemnification.

On September 17, 1984, plaintiff corporation paid a total of $22,300 to the First National Bank of Elgin to cover the principal balance, interest, and legal fees associated with the note. The note was then assigned to Gromer, Wittenstrom & Meyer, P.C. On September 18, 1984, plaintiff corporation confessed judgment against defendant in the amount of $15,084.49. This figure was calculated as the sum of $22,300 due on the note, $28.49 for interest from September 15, 1984, to September 18, 1984, and attorney fees in the amount of $160, reduced by the amount of $7,404, which was an amount of additional partnership funds collected after Strom left the firm. The note contained a clause authorizing a confession of judgment against any of the makers and in favor of the legal holder of the note.

Judgment against defendant in the amount of $15,084.49 was entered on September 19, 1984. Defendant sought to open the judgment or vacate the judgment. Both motions were denied. Defendant filed a timely notice of appeal.

■ Defendant first contends that the trial court improperly denied his motion to open the confession judgment which he brought pursuant to Supreme Court Rule 276 (87 Ill. 2d R. 276). Defendant bases his contention on two grounds, both of which required the trial court to disregard the corporate entity and treat plaintiff as its corporate shareholders, Wittenstrom and Meyer. First, defendant maintains that the court should have disregarded the corporate entity and opened the judgment by confession since Wittenstrom and Meyers were cosigners of the note, and cosigners of a note who have paid the note, or to whom the note has been assigned, cannot take a judgment by confession against another cosigner. (*Rosenberg v. Ball* (1975), 28 Ill. App. 3d 101, 102, 327 N.E.2d 603.) As a second basis on which

the trial court should have opened judgment, the defendant argues that since Wittenstrom, Meyer, and he had not settled all of their partnership accounts, Wittenstrom and Meyer should not have been allowed to maintain a legal action against him. The law is clear that one partner may not maintain an action against another partner until there has been a settlement of partnership affairs. *Schlossberg v. Corrington* (1980), 80 Ill. App. 3d 860, 866, 400 N.E.2d 73.

■ In order to prevail on a motion to open judgment by confession, a *prima facie* defense must be pleaded and it should be supported by substantial facts. (*Passanante v. Callier* (1978), 61 Ill. App. 3d 360, 363, 377 N.E.2d 1304.) In determining whether a meritorious defense has been presented, the facts asserted in a defendant's pleadings and affidavits must be considered to be true. (61 Ill. App. 3d 360, 362, 377 N.E.2d 1304.) When a *prima facie* defense is raised, the court must open the judgment and proceed to trial. *Kuh v. Williams* (1973), 13 Ill. App. 3d 588, 593-94, 301 N.E.2d 151.

Complicating the determination of whether defendant showed a *prima facie* defense through his pleadings and affidavits is the fact that at various times the defendant filed motions and affidavits to open the judgment by confession, and at other times he filed motions and affidavits to vacate the confession judgment. It appears that defendant intended to pursue two different methods to obtain relief from the judgment. However, plaintiff argues that in substance defendant was actually trying to open the judgment by confession. Further, plaintiff maintains that the only proper relief available to a judgment by confession is afforded by a motion to open judgment by confession pursuant to Supreme Court Rule 276 (87 Ill. 2d R. 276).

■ In *Kankakee Concrete Products Corp. v. Mans* (1980), 81 Ill. App. 3d 53, 55-56, 400 N.E.2d 637, the court considered the issue of whether a motion to vacate a confession judgment must be treated as a motion to open pursuant to Supreme Court Rule 276, and it determined that it was not necessary to do so unless the defendant presents the motion, regardless of its caption, as a motion to open under Rule 276. In the instant case, defendant not only captioned his motions differently, but also asked for relief both in the form of opening judgment and proceeding to trial and in the form of vacating the judgment. We believe, therefore, that defendant's motions and affidavits seeking to open judgment by confession must be considered separately from his motions and affidavits seeking to vacate the judgment pursuant to section 2−1301 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2−1301).

On September 27, 1984, defendant filed a motion to open judg-

ment and an affidavit in support of his motion. In the motion, defendant alleged that the amount of the judgment was inconsistent with the amount due and owing on the note. He also alleged that the amount of the judgment was inconsistent with the partnership obligations, and that he was entitled to contribution from Clarence Wittenstrom, Jr., and H. Greg Meyer, shareholders of plaintiff corporation. In his affidavit, defendant averred that he was the 50% owner of the partnership which took out the note, and the other two partners, Clarence Wittenstrom, Jr., and H. Greg Meyer owed a contribution on the note. Nowhere in the pleading or affidavit did defendant raise the defense of fraud, either explicitly or implicitly, as a basis on which the trial court should have pierced the corporate veil.

Also missing from the motion and affidavit are the defenses set forth by defendant in this court, *i.e.*, that if the corporate veil was pierced, then the action could not have been maintained since cosigners of a note may not pay a note and then obtain judgment by confession against another cosigner, and that since the partners had not had an accounting of partnership funds, no legal action could be brought against defendant by his former partners. Instead, defendant only pleaded that he was entitled to contribution toward the judgment from Wittenstrom and Meyer, as individuals. Defendant's contention that Wittenstrom and Meyer should have contributed to the amount owed did not state a counterclaim against plaintiff corporation, so he was not entitled to have the proceedings on the confession judgment stayed until the counterclaim was addressed as allowed by Supreme Court Rule 276. See *American National Bank & Trust Co. v. Scenic Stage Lines of Savanna, Inc.* (1971), 2 Ill. App. 3d 446, 448, 276 N.E.2d 420.

■ In the trial court defendant suggested that the court could disregard the corporate form in order to avoid injustice. Defendant also asserted that Wittenstrom and Meyer, as the sole shareholders of plaintiff corporation, were the real parties in interest. Since those individuals could not obtain a confession judgment against a cosigner of the note, and also could not maintain a suit against defendant until a full accounting of the partnership funds had been settled, defendant suggested that the judgment should not stand. These arguments may have established a *prima facie* defense to plaintiff's claim. However, since these defenses and the facts in support of them were not pleaded in defendant's motion or affidavit, defendant failed to present a *prima facie* defense on the basis of his pleadings and affidavits, as required by Supreme Court Rule 276. For that reason, we conclude that the trial court did not err in denying defendant's motion to open

the judgment by confession.

■ We next consider whether the trial court improperly denied defendant's motion to vacate the confession judgment brought pursuant to section 2—1301 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—1301)). Relief under section 2—1301 is based upon whether or not substantial justice has been done between the litigants. (*Patrick v. Burgess-Norton Manufacturing Co.* (1976), 63 Ill. 2d 524, 527, 349 N.E.2d 52; *Plantaric v. Michaels* (1981), 98 Ill. App. 3d 154, 157, 424 N.E.2d 64.) The plaintiff corporation contends that substantial justice was done since defendant could have and still can bring a suit against Clarence Wittenstrom, Jr., and H. Greg Meyer, individually, for contribution. Plaintiff further argues that the facts were insufficient to justify piercing the corporate veil, and, therefore, defendant did not have a good defense against plaintiff corporation.

In his motion to vacate judgment and his supporting affidavit filed on September 21, 1984, defendant only alleged that the judgment amount was inconsistent with the amount due and owing on the note, and that the ex-partners were also jointly and severally liable on the note. However, in his motion to vacate and supporting affidavits filed on October 5, 1984, defendant also set forth facts which indicated that his ex-partners were the sole shareholders of plaintiff corporation, and that the law establishes that cosigners of a note may not after payment or assignment of the note obtain a judgment by confession against another cosigner. We believe that these facts and arguments sufficiently indicate that to recognize plaintiff corporation as an entity separate from its shareholders would be to sanction an injustice. Where such an injustice would result and there is such unity of interest between the corporation and the individual shareholders that the separate personalities no longer exist, the corporate veil may be pierced. *Stap v. Chicago Aces Tennis Team, Inc.* (1978), 63 Ill. App. 3d 23, 27, 379 N.E.2d 1298; *Berlinger's Inc. v. Beef's Finest, Inc.* (1978), 57 Ill. App. 3d 319, 325, 372 N.E.2d 1043.

Additionally, Clarence Wittenstrom, Jr., filed a counteraffidavit in which he stated that prior to paying off the entire note and taking it by assignment, he and H. Greg Meyer took $2,300 from an old partnership account and sent it to the First National Bank of Elgin in partial payment of the note. This act on May 5, 1984, took place many months after Meyer and Wittenstrom had formed a professional corporation. Thus, we believe that this additional fact indicates there was no clear separation of the corporation and the shareholders in the handling of this entire matter. In our opinion, the facts presented to the trial court indicated that substantial justice would be denied the

defendant if the judgment were not vacated. Thus, we conclude that the trial court erred in denying defendant's motion to vacate the confession judgment.

For the reasons stated, we affirm the order of the circuit court of Kane County denying defendant's motion to open the confession judgment, but reverse the order denying defendant's motion to vacate the confession judgment, and remand the cause for whatever further proceedings are deemed appropriate.

Affirmed in part; reversed in part; and remanded.

REINHARD and UNVERZAGT, JJ., concur.